Sandra J. DOUGLAS, for herself and as representative of a class, Plaintiff,

v.

BENEFICIAL FINANCE CO. OF AN-CHORAGE et al., Defendants.

Civ. No. A–155–70.

United States District Court, D. Alaska.

Sept. 2, 1971.

Brock Shamberg, John Reese, of Alaska Legal Services Corp., Anchorage, Alaska, for plaintiff.

Murphy L. Clark, and Brian Brundin, of Hughes, Thorsness, Lowe, Gantz & Clark, Anchorage, Alaska, for defendants.

## MEMORANDUM OF DECISION AND ORDER

PLUMMER, Chief Judge.

Plaintiff, Sandra J. Douglas, instituted this class action on December 10, 1970, alleging that defendants Beneficial Fi-

nance Company of Anchorage, Beneficial Finance Company of Fairbanks, Beneficial Finance Company of Juneau, Beneficial Finance Company of Kenai, Beneficial Finance Company of Ketchikan, Beneficial Finance Company of Kodiak, and Beneficial Finance Company of Sitka, (hereinafter referred to collectively as Beneficial) had failed to disclose a confession of judgment provision contained in notes signed by members of her class in violation of the Truth in Lending Act, 15 U.S.C.A. § 1601 et seq. (Supp.1971) (hereinafter referred to as the Act). On April 1, 1971, a temporary restraining order was issued to maintain the status quo pending hearing on plaintiff's motion for a preliminary injunction. On April 12, 1971, after hearing defendants' motion to vacate, the restraining order was extended until April 19, 1971, which time was set for a consolidated hearing on plaintiff's motion for a preliminary injunction and trial on the merits. On April 13, 1971, defendants filed a second motion to vacate the restraining order, which was denied on April 16, 1971.

On April 12, 1971, defendants moved for summary judgment. On April 19, 1971, plaintiff filed a cross-motion for summary judgment. In the absence of any contested issues of fact, the court reserved judgment on the merits of the case and limited the hearing to matters related to plaintiff's motion for a preliminary injunction. By order of the court dated April 19, 1971, the temporary restraining order was continued in effect until entry of the preliminary injunction on April 20, 1971. The following opinion incorporates portions of the April 12 and April 20 decisions; to the extent that the conclusions reached after considering the cross-motions for summary judgment are inconsistent with prior opinions in this matter the present decision is controlling.

## I. PLAINTIFF'S EXHIBITS.

Beneficial has moved to strike plaintiff's exhibits 2–6 submitted in support of their motion for summary judgment and in opposition to Beneficial's motion for summary judgment.

Exhibit 5 purports to be an "operating manual" for the "Beneficial Finance System." With the exception of a 1967 cover letter from one C. M. Benadom, no foundation is laid for the admission of the document. There is nothing to indicate that the manual is current, or that it was in use during the time of the alleged violations of the Act. Under these circumstances the manual would not be admissible at trial and therefore may not be used to support a motion for summary judgment. The exhibit having been stricken, Beneficial's motion to compel answer to an interrogatory directed to the source of the manual is no longer relevant to this proceeding and is accordingly denied.

Exhibit 6 purports to be a "Transfer Account Transmittal Form." It suffers from the same deficiencies as the "Operating Manual" and is accordingly stricken.

Exhibits 2–4 are affidavits of three attorneys (including counsel for plaintiff) who attended the deposition of Mr. H. Nicholas, Manager of Beneficial Finance Company of Fairbanks (one of the defendants in this action) in connection with the case of Priest v. Beneficial Finance Co. of Fairbanks, Civil No. 71–158, District Court, Fourth Judicial District, State of Alaska. The affidavits summarize portions of the testimony given by Mr. Nicholas concerning the number of notes transferred for collection to and from his office each month. Beneficial does not specifically challenge the accuracy of the affidavits, but contends that they should be stricken because state rules regarding depositions were abused.

The statements of Mr. Nicholas constitute an admission of one of the defendants in this case and would be admissible under an exception to the hearsay rule. The affidavits are relevant in that they tend to substantiate and define the scope of testimony given by Francis X. Mohan, Field Supervisor for Beneficial Management Corporation of

America, at the hearing on the preliminary injunction. Insofar as the affidavits relate to matters within the personal knowledge of the affiants which would be admissible at trial they will be considered on the cross-motions for summary judgment. 4 Moore's Federal Practice, ¶ 30.51 at pp. 30–43 – 30–44 (2nd ed. 1970) ; 6 Moore's Federal Practice, ¶ 56.22[1] at pp. 2810–2813. In this regard, paragraphs 9–11 of R. Brock Shamberg's affidavit are not based upon personal knowledge and will be disregarded for purposes of the cross-motions. Automatic Radio Mfg. Co., Inc. v. Hazeltine Research, Inc., 339 U.S. 827, 70 S.Ct. 894, 94 L.Ed. 1312 (1950) [affidavits on "information and belief" do not satisfy Rule 56(e)] ; Perma Research & Dev. Co. v. Singer Co., 410 F.2d 572 (2d Cir. 1969) (court need not strike entire affidavit).

## II. BENEFICIAL'S NOTE VIOLATES THE TRUTH IN LENDING ACT AND REGULATION Z AS INTERPRETED BY THE FEDERAL RESERVE BOARD.

■ The clause of the loan agreement which is the source of the difficulty appears in the third paragraph of the document entitled "Note" signed by the Douglases:

"Undersigned jointly and severally authorize and empower any attorney of law of any court of record of the State of Alaska or elsewhere in the United States to appear for undersigned, or any one of undersigned, on an action on this note in any court of the United States, State of Alaska or elsewhere in the United States at any time after default in the payment of the amount of any instalment of principal and interest thereon, and confess judgment against any one or all of the undersigned for the amount due with interest and charges permitted by said Section 06.20.260, of the Alaska Statutes, all without any benefit of valuation and appraisal laws. All parties hereto severally waive demand and presentment for payment, notice of nonpayment, notice of protest and protest of this note and agree that their liability hereunder shall not be affected by any extension of the time of payment of all or any part of the amount owing hereon at any time or times, and further waive all rights of exemption under the laws of this state. It is understood and agreed that this clause shall not operate to create a lien on any real property owned and occupied by the undersigned as a principal residence at any time during the term of this note."

15 U.S.C.A. § 1639(a) (8) (Supp.1971) requires that those who extend consumer credit shall disclose to the debtor:

"(8) A description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates."

15 U.S.C.A. § 1604 (Supp.1971) gives the Board of Governors of the Federal Reserve System broad discretion to prescribe appropriate regulations. Pursuant to this authority Federal Reserve Regulation Z, 12 C.F.R. § 226 (1970) was promulgated, which provides in relevant part:

"§ 226.2(z)

Security interest and security mean any interest in property which secures payment or performance of an obligation. The terms include, but are not limited to, security interest under the Uniform Commercial Code, real property mortgages, deeds of trust, and other consensual or confessed liens whether or not recorded, mechanic's, materialmen's, artisan's, and other similar liens, vendor's liens in both real and personal property, the interest of a seller in a contract for the sale of real property, any lien on property arising by operation of law, and any interest in a lease when used to secure payment or performance of an obligation."

The Board has further interpreted "security interest" to include confessions of

judgment which have the effect of depriving the debtor of both the right to be notified of a pending action and the right to enter a defense in a judicial proceeding before judgment.

"In some of the states, confessions of judgment clauses or cognovit provisions are lawful and make it possible for the holder of an obligation containing such clause provisions to record a lien on property of the obligor simply by recordation entry of judgment; the obligor is afforded no opportunity to enter a defense against such action prior to his entry of the judgment.

"Since confession of judgment clauses and cognovit provisions in such states have the effect of depriving the obligor of the right to be notified of a pending action and to enter a defense in the judicial proceeding *before* judgment may be entered or recorded against him, such clauses or provisions in those states are security interests under § 226.2(Z) and for the purposes of § 226.7(a) (7), § 226.8(b) (5) and § 226.9."

12 C.F.R. § 226.202 (1970).

Alaska Statutes § 09.30.050 (1962) *purports to validate confessions of judgment without notice:*

"A judgment by confession may be entered with or without action against a person for any amount or relief. The confession may be made only by the confessor in person or by his attorney in fact under a power of attorney so authorizing, or, if the confessor is a corporation, only by a person who at that time has a relation to the corporation which would authorize the service of summons on him."

Rule 57(c), Alaska Rules of Civil Procedure, however, imposes certain requirements for entry of judgment without notice:

"(c) Confession Judgments—Without Action.

(1) On the confession of any person capable of being made a defendant to an action, judgment may be given against such person without action, in favor of anyone, either for money due or to become due, or to secure any person against contingent liability on behalf of the defendant in such judgment, or both, if it be in favor of the same person.

(2) The confession shall be made, assented to and acknowledged and judgment given in the same manner as a confession in an action pending, but in addition, the confession shall be verified by the oath of the person making it, and shall authorize a judgment to be given for a particular sum. If it be for money due or to become due it shall state plainly and concisely the facts out of which such indebtedness arose, and shall show that the sum confessed therefor is justly due or to become due. If it be for the purpose of securing the plaintiff in the judgment against a contingent liability, it shall state plainly and concisely the facts constituting such liability and shall show that the sum confessed therefor does not exceed the same. When judgment is given so as to be payable in installments, executions may issue to enforce the payment of such installments as they become due."

Rule 93, Alaska Rules of Civil Procedure, provides that the Rules supersede inconsistent *procedural* provisions of any statute:

"These rules are promulgated pursuant to constitutional authority granting rule making power to the supreme court, and to the extent that they are inconsistent with any procedural provisions of any statute not enacted for the specific purpose of changing a rule, shall supersede such statute to the extent of such inconsistency."

Assuming that the entry of judgment is a procedural matter and therefore the proper subject of the Alaska Supreme Court's rule making power, Ware v. City of Anchorage, 439 P.2d 793 (Alaska 1968), Channel Flying, Inc. v. Bernhardt, 451 P.2d 570 (Alaska 1969), it seems

clear that the confessions contained in the notes signed by members of the plaintiff's class could not be used as the basis for entry of judgment without notice in the State of Alaska.[1]

■ Beneficial contends that the Board in its interpretations has looked only to the law of the state in which the obligation is incurred to determine whether judgment may be confessed without notice.[2] Since the Board's interpretations do not give the name of the company making the inquiry, it is impossible to determine the context in which these opinions were rendered. Where the lender is a local institution, a narrow construction of the Board's interpretations might be justified. Such a conclusion is inappropriate when the lender is part of nation-wide systems within which notes are regularly transferred for collection.

■ The Board's interpretations must be construed in the light of financial realities to effectuate the broad remedial purposes of the Act. The confession of judgment contained in the Beneficial note authorizes the holder of the note to appear and confess judgment "in any court of the United States, State of Alaska or elsewhere in the United States." Francis X. Mohan, Field Supervisor of the Beneficial Management Corporation of America, testified at the hearing on the preliminary injunction that notes are frequently assigned from one local office to another when the debtor changes his place of residence. He also testified that in such instances the transferor office sends "instructions" relating to legal proceedings on the note, should such proceedings become necessary. He stated that he knew of no instructions to accompany the Alaska notes which would apprise a transferee office of the fact that the confession of judgment terms contained in the Alaska notes were invalid under Alaska law to the extent that they purported to authorize judgment without notice.

Turning to the law of other jurisdictions, it appears that only Illinois[3] and Ohio[4] specifically provide for and do not in any way restrict the entry of judgment upon a warrant of attorney, although several other jurisdictions pro-

1. *But see* First National Bank of Athens, Ohio v. Garland, 109 Mich. 515, 67 N.W. 559 (1896). In that case the Michigan Supreme Court construed an Ohio statute which required filing of a verified petition and issuance of summons by the court before judgment could be entered pursuant to a confession. The Court gave full faith and credit to an Ohio confession of judgment entered without issuance of a summons on the ground that the parties had expressly waived process.

2. Beneficial cites the two following Board interpretations:

"As I understand the situation, you wish to amend your current note, which contains a cognovit provision, by a covenant in the disclosure statement excluding the application of the cognovit provision from the customer's principal residence."

\* \* \* \* \*

"Since the efficacy of confession of judgment clauses and cognovit provisions depend on State law, the validity of the excluding covenant also depends on State law. Therefore, if, according to Ohio law, the covenants contained in your disclosure statements would, 'by their terms,' exclude a lien on the customer's principal residence from arising by use of the cognovit provision, section 226.9 [¶ 3585] would not apply to that provision."

Excerpts from FRB letter of August 14, 1969, by Milton W. Schober, Assistant Director. C.C.H. Consumer Credit Guide ¶ 30,150.

"In response to your request of January 19, 1970, the staff has considered the proposed change in the Virginia confession of judgment procedure. We have reached the conclusion that in the limited situation outlined below, the proposal would remove the Virginia confession of judgment from the definition of 'security interest' in Regulation Z. (§ 226.2(z) [¶ 3518]; interpretation § 226.202 [¶ 3518.05])."

[5] Excerpts from FRB letter of February 4, 1970, by Milton Schober, Assistant Director. C.C.H. Consumer Credit Guide ¶ 30,272. *See also* Regulation Z § 226.202(c) cited *supra*.

3. Ill.Rev.Stat. ch. 110, § 50(4) (1959).

4. Ohio Rev.Code Ann. § 2323.13 (Baldwin 1960).

vide for notice only *after* the entry of judgment.[5] *See generally* Hopson, Cognovit Judgments: An Ignored Problem of Due Process and Full Faith and Credit, 29 U.Chi.L.Rev. 111 (1961); C.C.H. Consumer Credit Guide ¶ 610.

The question as to whether any of these jurisdictions would apply their own law or Alaska law to a note presented in their courts is far from clear. One student of the law has concluded "The rules for the proper application of full faith and credit in this area are extremely involved and theoretical. Consequently, most borrowers' attorneys will be unable to research and argue the proper rules to the [forum] court." Hopson, *supra,* at 156. *See generally* 47 Am. Jur.2d, Judgments § 1120; Annotation, 19 A.L.R.2d 544.

In the memorandum of decision and order granting plaintiff's motion for preliminary injunction this court noted:

"It is frequently stated that a forum court in a conflict of law situation will apply to its own procedural law. [Citing Lillegraven v. Tengs, 375 P.2d 139 (Alaska 1962).] If, as defendant contends and Rule 57 implies, the entry of judgment pursuant to a confession is a procedural matter, then the forum state need not apply Alaska Rule 57. If, on the other hand, confession of judgment is a matter of substantive law, then Rule 93 would be inapplicable and A.S. 09.30.050 would permit entry of judgment without notice, not only

in Alaska, but in any state looking to Alaska law. In either case the confession of judgment clause runs afoul of the Truth in Lending Act."

If this formulation seems a rather superficial way of disposing of a very complex body of law, it is at least indicative of the utter uncertainty of predicting another forum's choice of law rules in this somewhat obscure area. The case law, much of which deals with full faith and credit problems where either the state of execution or the state of payment have done away with or severely circumscribed confessions of judgment, is sparse. There is no broad policy against confessions in Alaska—in fact they are expressly authorized by statute. Beneficial has drawn its notes in the broadest possible terms and it is not unreasonable to assume that a foreign court confronted with one of Beneficial's notes would apply their own procedures as to method of entering judgment.[6]

Two other arguments put forth by Beneficial must be briefly mentioned.

Beneficial contends that the confession of judgment contained in the note has never been utilized to obtain a judgment without notice, and may therefore be disregarded. The fact that Beneficial has either not had the opportunity or has elected not to exercise its contractual right to entry of judgment without notice is irrelevant for purposes of the Truth in Lending Act.[7]

5. *See, e. g.,* Md.Ann.Code, Gen.R.Pr. and P. 645 (1957); Wis.Stat. § 270.69 (1967). For an analysis of Regulation Z's effect under the law of Wisconsin see Note, 1970 Wis.L.Rev. 216.

6. *See, e. g.,* Gotham Credit Corporation v. Powell, 22 N.J.Misc. 301, 38 A.2d 700 (1944). Plaintiff recovered judgment in Pennsylvania on a note containing a confession clause executed in New Jersey. Counsel for defendant argued that since the confession was contained in the body of the note it violated New Jersey law, and a judgment entered in a foreign court based upon it should therefore not be given full faith and credit in New Jersey. The court held that the statute in ques-

tion was to be construed as a mere regulation of practice in New Jersey courts and did not have any extraterritorial force.

7. *Compare* the following excerpt from a Federal Reserve Board letter of September 17, 1969, C.C.H. Consumer Credit Guide ¶ 30,473, interpreting Regulation Z § 226.9:

"It is our position that, *irrespective of whether the judgment has been exercised,* when an opened account contract contains a security interest in any real estate which is used or expected to be used as the principal residence of the customer, each transaction under that account is subject to the rescision provi-

■ Beneficial also contends that judgment could not be entered without notice on the notes because the amount of interest due and owing would have to be determined by the court. The warrant of attorney in question empowers any attorney to "confess judgment * * * for the amount due with interest and charges permitted by said Section 06.20.260 of the Alaska Statutes, all without any benefit of valuation and appraisal laws." The method of computing interest is clearly stated on the face of the note, and the basis for determining the accrual of interest is governed by law. A.S. 06.20.250 (1962). Thus, sufficient facts and figures are stated on the face of the note to allow a clerk of court to determine the amount of the debt with certainty. *See generally* 47 Am.Jur.2d, Judgments §§ 1132–1134.

Since confession of judgment on the note without notice or opportunity to appear and defend is possible, the confession is a security interest according to the Board's interpretations of the Truth in Lending Act and Regulation Z. As such, it had to be disclosed in the manner provided by law.

12 C.F.R. § 226.6 (1970) sets out the general disclosure requirements:

"(a) *Disclosures: general rule.* The disclosures required to be given by this part shall be made clearly, conspicuously, in meaningful sequence, in accordance with the further requirements of this section, and at the time and in the terminology prescribed in applicable sections * * *"

12 C.F.R. § 226.8(a) sets forth the requirements of the Truth in Lending Act as to the "place" specific disclosures must be made.

"Any creditor, when extending credit other than open end credit, shall, in accordance with § 226.6 and to the

extent applicable, make the disclosures required by this section with respect to any transaction consummated on or about 1 July 1969. Except as provided in paragraphs (g) and (h) of this section such disclosures shall be made before the transaction is consummated. At the time disclosures are made, the creditors shall furnish the customer with a duplicate of the instrument or statement by which the required disclosures are made and on which the creditor is identified. All of the disclosures shall be made together on either

(1) The note or other instrument evidencing the obligation on the same side of the page and above or adjacent to the place for the customer's signature; or

(2) One side of a separate statement which identifies the transaction."

Beneficial contends that either (1) the "Note" containing the confession satisfies the Act, or (2) the "Statement of Disclosure" and "Statement of Loan" on the reverse side thereof meets the statutory requirements, or (3) Beneficial has done all that was commercially feasible and any requirement that they do more is arbitrary and capricious.

The face of the Note contains information on interest rates and a statement of the confession of judgment. It does not contain a statement of "All charges, individually itemized, which are included in the amount of credit extended but which are not part of the financial charge" as required by 15 U.S.C.A. § 1639(a) (2).

Beneficial's "Statement of Disclosure" contains all the information required by the Act as interpreted by the Board except a statement of the confession of judgment. The document entitled "Statement of Loan" on the reverse side of the "Statement of Disclosure," how-

---

sions of § 226.9 (C.C.H. ¶ 3585) of Regulation Z. Therefore, if the confession of judgment clause is retained in your loan documents, it will be necessary to grant the customer the right of rescision

with cash loan advance under 'Cash Plus' plan.
"An alternative may be to eliminate the confession of judgment clause from the loan documents. * * *" (Emphasis added.)

ever, does recite the confession of judgment. Regulation Z is quite explicit about the use of the reverse side of the disclosure statement. 12 C.F.R. § 226.-801 (1970) provides:

"(a) Some creditors incorporate the terms of a contract, a security agreement and evidence of a transaction in a single document. These documents are designed for processing by mechanical and electronic equipment. If all of the required disclosures under § 226.8 should be placed on the face of such a document, the creditor will be unable to utilize conventional accounting and record keeping equipment because of the size of the resulting document. The question arises as to whether required disclosures may be made on the face and the reverse side of such a document.

(b) Where a creditor elects to combine disclosures with the contract, security agreement, and evidence of a transaction in a single document, the disclosures required under § 226.8 shall, in accordance with § 226.6, be made on the face of that document, on its reverse side, or on both sides: *Provided,* That the amount of the finance charge and the annual percentage rate shall appear on the face of the document, and, if the reverse side is used, the printing on both sides of the document shall be equally clear and conspicuous, both sides shall contain the statement, 'NOTICE: See other side for important information,' and the place for the customer's signature shall be provided following the full content of the document." [8]

No reference is made on the face of Beneficial's "Statement of Disclosure" to the information contained on the reverse side. The only signature line appears on the face of the "Statement of Disclosure."

No one document of the seven separate documents signed by the Douglases and members of the class complies with the Act. The one document which expressly purports to comply with the disclosure requirements makes no reference to the confession of judgment.

■ Nor can Beneficial complain that compliance with the Act imposes a "commercially unfeasible" burden upon it. The Board made every effort to accommodate the dictates of commercial necessity without destroying the efficacy of the Act.

The reverse side of the disclosure statement could have been used *provided* precautions were taken to insure that the disclosures remained clear, conspicuous and in a meaningful sequence. The Board clearly articulated what precautions were necessary, but Beneficial either did not read the Board's regulations or chose to ignore them.[9]

III. THE FEDERAL RESERVE BOARD'S INTERPRETATION IS CONSISTENT WITH THE TRUTH IN LENDING ACT AND REGULATION Z.

Beneficial argues that the Board's requirement that confessions of judgment be disclosed is inconsistent with the intent of Congress to require only the disclosure of "credit terms," [10] and points to the apparent preoccupation with financial charges in the legislative history.

15 U.S.C.A. § 1638(a) (10) (Supp. 1971), however, requires that the cred-

---

8. In addition 12 C.F.R. § 226.8(b) (5) allows the lender to incorporate a separate pledge agreement where a full description of the property to which a security interest relates would be too cumbersome to include in the disclosure statement.

9. A three inch by four inch space consisting of 16 typed lines on the face of the "Statement of Disclosure" is devoted to

an "Insurance Authorization." This space would have been more than ample for an explanation of the confession of judgment.

10. "It is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C.A. § 1601 (Supp.1971).

itor disclose "A description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates."

Beneficial contends that both 15 U.S.C.A. § 1638(a) (10) (Supp.1971), and 12 C.F.R. § 226.2(2) (1970), *supra,* (which defines a security interest as a "consensual or confessed [lien] whether or not recorded * * *") refer to security interests which attach to an identifiable piece of property at the time the note is signed. Since a confession of judgment does not attach to an identifiable piece of property and does not become a lien on any property absent default and entry of judgment, Beneficial reasons that it cannot be a security interest within the meaning of the Act or Regulation Z. *See, e. g.,* Moran, Confession of Judgment or Cognovit Notes under Regulation Z, 23 Personal Fin. L.A. 93; Note, 1970 Wisc.L.R. 216.6.

The most that can be said for 15 U.S.C.A. § 1638(a) (10) (Supp.1971) is that the wording is ambiguous. Although it requires that the property to which the security interest relates be clearly identified,[11] it refers to the interest as one which is "held or to be retained *or acquired. * * *"*

The original version of the Act contained a provision prohibiting all confessions of judgment. This approach was inconsistent with the "disclosure without regulation" philosophy of the bill, and was deleted in later versions. The Board concluded, however, "That the author recognized some features of this type obligation as being to the possible disadvantage of those who utilize consumer credit,"[12] and required that the more objectionable forms of confessions (i. e. those which authorize entry of judgment without notice) be meaningfully disclosed to the borrower.

In so concluding the Board acted to effectuate the broad remedial purposes of the Act and was not bound by traditional definitions of "security interest." Not only is the confession of judgment a drastic remedy, but there appears to be a wide split of opinion in the consumer finance industry as to its use. Hopson, *supra,* for example, reports that Household Finance Corporation does not use confession clauses except in Illinois, Pennsylvania, Ohio and Wisconsin. 29 Univ.Chi.L.R. at 117–118. Disclosure of such clauses, therefore, does give the consumer a meaningful choice on an important credit term.

■■ It is clear that Congress intended to confer broad discretionary powers on the Board. 15 U.S.C.A. § 1604. The Board's construction of the statutory scheme committed to it for administration is entitled to great deference. Udall v. Tallman, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965). The court concludes that the Board's definition of "security interest" is consistent with the purposes of the Truth and Lending Act and not arbitrary or capricious. *Cf.* Gardner and North Roofing and Siding Corp. v. Board of Governors of the Federal Reserve Board, Civil No. 178–70 (D.D.C., filed Jan. 6, 1971) in which the court upheld the Board's definition of a mechanic's lien as a "security interest." The Board's motion for summary judgment was granted without opinion; an appeal is currently pending.

## IV. BENEFICIAL LACKS STANDING TO CHALLENGE THE CONSTITUTIONALITY OF CONFESSIONS OF JUDGMENT.

■■ Beneficial contends that even if a confession of judgment is a security interest and it was not properly disclosed, plaintiff nevertheless has the burden of proving that entry of judgment without notice pursuant to a war-

---

11. 12 C.F.R. § 226.8(b) (5) provides that where the property is not identifiable an explanation of the manner in which the creditor obtains or may acquire the security interest must be disclosed.

12. Excerpt from FRB Letter of March 14, 1969, C.C.H. Consumer Credit Guide ¶ 30,001.

rant of attorney would be constitutional.[13] Beneficial lacks standing, however, to assert the constitutional rights of plaintiffs as a defense to the present action.

Four factors are relevant to the standing of a litigant to raise the constitutional rights of third parties: [13a]

(1) Whether the litigant has standing in his own right to sue for any other purpose or whether he is in court in a representative capacity.[14]

Beneficial, as the named defendant, clearly has standing in its own right and therefore meets this first criterion.

(2) Whether the right asserted is a "preferred" constitutional value.

Admittedly this factor is somewhat imprecise. On one end of the spectrum, a litigant asserting the first amendment rights of third parties may be granted standing.[15] On the other end of the spectrum, litigants will seldom be allowed to assert the property rights of third parties.[16] Procedural rights fall somewhere in between first amendment rights and property rights, but the cases seem to indicate that in the absence of other compelling factors, litigants will not be permitted to raise the procedural rights of third parties.[17]

(3) Whether a significant relationship between the litigant and the third party would be endangered if the litigant were not permitted to assert the rights of the third party.

In this respect professional relationships involving confidence or trust are considered significant and commercial relationships, such as the relationship between Beneficial and its customers, are given almost no weight at all.[18]

(4) Whether the third party would be able to effectively assert his rights in an independent action.[19]

This factor seems to be the most significant variable. There is no reason to believe that plaintiffs lack access to the courts to raise their own procedural rights.[20]

Moreover, Beneficial elected to include a comprehensive confession of judgment clause in their notes for their own benefit. They are now estopped from challenging the constitutionality of such provisions. St. Louis Malleable Casting Co. v. George C. Prendergast

---

13. State statutes permitting entry of judgment pursuant to a warrant of attorney without notice or opportunity to appear and defend have been held unconstitutional in two recent federal decisions. Osmond v. Spence (D.Del., filed 5–13–71) 327 F.Supp. 1349; Swarb v. Lennox, 314 F.Supp. 1091 (E.D.Pa.1970). New York has refused to give full faith and credit to such judgments. Atlas Credit Corp. v. Ezrine, 25 N.Y.2d 219, 303 N.Y.S.2d 382, 250 N.E.2d 474 (1969). Illinois, however, has recently affirmed the constitutionality of their statute allowing entry of judgment by confession. First National Bank in De Kalb v. Keisman, 47 Ill.2d 364, 265 N.E.2d 662 (1970).

13a. See generally Sedler, Standing to Assert Constitutional Jus Tertii in the Supreme Court, 71 Yale L.J. 599 (1962).

14. Compare Tileston v. Ullman, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943) with Pierce v. Society of Sisters, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1952).

15. See Thornhill v. Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940).

16. See, e. g., Rosenthal v. New York, 226 U.S. 260, 33 S.Ct. 27, 57 L.Ed. 212 (1912); Missouri, Kansas & Tex. Ry. Co. of Texas v. Cade, 233 U.S. 642, 34 S.Ct. 678, 58 L.Ed. 1135 (1914).

17. See, e. g., Blair v. United States, 250 U.S. 273, 39 S.Ct. 468, 63 L.Ed. 979 (1919); Blackmer v. United States, 284 U.S. 421, 52 S.Ct. 252, 76 L.Ed. 375 (1932).

18. Compare Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) (doctor-patient) with Davis & Farnum Mfg. Co. v. Los Angeles, 189 U.S. 207, 23 S.Ct. 498, 47 L.Ed. 778 (1903); Williams v. Eggleston, 170 U. S. 304, 18 S.Ct. 617, 42 L.Ed. 1047 (1898); Erie RR. Co. v. Williams, 233 U.S. 685, 34 S.Ct. 761, 58 L.Ed. 1155 (1914) (commercial relationships).

19. See, e. g., Barrows v. Jackson, 346 U.S. 249, 73 S.Ct. 1031, 97 L.Ed. 1586 (1953); N.A.A.C.P. v. Alabama, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958).

20. See cases cited in note 12, supra.

Const. Co., 260 U.S. 469, 43 S.Ct. 178, 67 L.Ed. 351 (1923); Wall v. Parrot Silver & Copper Co., 244 U.S. 407, 37 S.Ct. 609, 61 L.Ed. 1229 (1917).

## V. REMEDIES AVAILABLE TO PLAINTIFF AND MEMBERS OF THE CLASS.

### A. DAMAGES.

 Beneficial contends that an action for damages will not lie unless it is shown that the violation was intentional, citing 15 U.S.C.A. § 1640(c) (Supp. 1971). This defense was raised and rejected in Ratner v. Chemical Bank New York Trust Co., 329 F.Supp. 270 (S.D. N.Y., filed June 16, 1971) reported in C.C.H. Consumer Credit Guide ¶ 99,456. Noting that the absolution of 15 U.S.C.A. § 1640(c) was intended only for clerical errors, the court held "that defendant * * *. mistook the law does not make its action any less intentional."

### B. RECISION.

Under 15 U.S.C.A. § 1635(a) (Supp. 1971) and 12 C.F.R. § 226.9(a) (1970) the right to recision attaches only where the confession of judgment (security interest) applies to real property used or expected to be used as the debtor's principal residence. Where a lien on the residence is expressly excluded by the words of the note § 226.9 is not applicable. 12 C.F.R. § 226.202(d) (1970).

Referring to the confession of judgment and the language immediately following, it would appear that such lien is excluded only "during the term of this note," which would, of course, expire upon default and entry of judgment. Since the debtor waives all rights under the Alaska exemption statute, (including the homestead exemption), there is nothing in the terms of the note which would prevent recordation of a lien upon the debtor's residence once judgment has been entered. Thus, it appears to be possible under the notes for Beneficial to obtain a security interest in the principal residence of any member of plaintiff's class who owns such real property.

### C. SEVERANCE OF THE INDIVIDUAL PLAINTIFF'S CLAIM FROM THOSE OF THE CLASS PURSUANT TO RULE 54(b), FEDERAL RULES OF CIVIL PROCEDURE.

As to plaintiff Sandra Douglas the court finds that there is no just reason for delay in the entry of judgment. According to the principles of law stated in this memorandum of decision and order, the court finds that she is entitled to rescind her loan agreement with Beneficial under 15 U.S.C.A. § 1635(a) (Supp. 1971), and in addition that she is entitled to damages calculated according to 15 U.S.C.A. § 1640 in the amount of $1,000.00. Counsel for Sandra Douglas shall submit an appropriate form of judgment, including certification of finality as required by Rule 54(b).

Within 20 days from the receipt of this order counsel for plaintiffs will submit a memorandum of points and authorities suggesting the most expeditious manner in which to adjudicate the remaining claims of the members of the class or classes represented by Mrs. Douglas. Opposition and reply briefs may be filed in accordance with Local Rule 5.

## VI. PERMANENT INJUNCTION AND PROCEDURE FOR REPOSSESSION OF CERTAIN SECURITY.

Within 20 days from the date of this order plaintiffs shall submit a proposed form of permanent injunction. Pending issuance of said injunction, this court's preliminary injunction shall remain in effect with the following modifications:

(1) Paragraph 1(d) of this court's order of April 1, 1971, as extended by order of April 20, 1971, is amended to permit Beneficial to contact members of the class between the hours of 8:00 a. m. and 7:00 p. m., *provided that* no more than one such call per day shall be permitted, no calls shall be

made to the obligee's place of employment and Beneficial shall inform each member of the class so contacted that its (Beneficial's) liability to the class has been adjudicated in this matter. No member of the class need be informed of the status of this litigation more than once, *provided that* the information is imparted clearly and candidly on the first contact. *Provided further* that Beneficial need not inform its customers who are not members of plaintiff's class of the status of this litigation.

Beneficial has filed three motions for release of security, each accompanied by an affidavit reciting that certain property pledged as security by members of plaintiff's class has been abandoned in violation of paragraph 2 of this court's order of April 1, 1971. Plaintiffs do not object to the release of such security, but ask that the court impose certain procedural safeguards to insure that the intent of the court's orders is not circumvented by extra-judicial means.

Plaintiffs have requested oral argument on these motions and they will be considered in a separate opinion.

## VII. PETITION OF PLAINTIFFS' COUNSEL TO BE PERMITTED TO CONTINUE IN CASE GRANTED.

The petition of plaintiffs' counsel to be permitted to continue in this case is unopposed, and is accordingly granted.

## VIII. ORDERS

1. Defendants' motion to strike plaintiff's exhibits 2–6 is granted as to exhibits 5, 6 and portions of exhibit 2 as noted and denied as to the rest of the exhibits.

2. Defendants' motion to compel answer to interrogatories is denied.

3. Defendants' motion for summary judgment is denied.

4. Defendants' motion to stay injunction pending appeal is denied and this court's order of April 1, 1971, as extended by order of April 20, 1971, is amended as noted.

5. Plaintiff's motion for summary judgment is granted as to Sandra Douglas and partially granted as to the liability of defendants to members of plaintiff's class.

6. Defendants' motion for release of security will be considered in a separate opinion.

7. Within 20 days from the date of this order plaintiff's counsel will submit the following:

(a) Proposed form of final judgment as to Sandra Douglas.

(b) Proposed form of permanent injunction.

(c) Memorandum of points and authorities suggesting the most expeditious manner in which to dispose of the remaining claims of the members of plaintiff's class.

8. The petition of plaintiff's counsel to be permitted to continue in this case is granted.