**Austin C. PALMER and Helen M. Palmer, husband and wife, Plaintiffs,**

**v.**

**Gladys W. WILSON et al., Defendants.**

**No. C-73-0235.**

United States District Court, N. D. California.

March 29, 1973.

Supplemental Opinion June 21, 1973.

Irving L. Berg, San Francisco, Cal., for plaintiffs.

John A. Colistra, Palo Alto, Cal., for defendants.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

ZIRPOLI, District Judge.

In this action, brought pursuant to the Truth-in-Lending Act, 15 U.S.C. §§ 1601–65, plaintiffs seek to recover the statutory penalty provided in § 1640 and to enforce their right of rescission pursuant to § 1635. On February 15, 1973, the court issued a temporary restraining order preventing defendants from proceeding with an impending foreclosure sale of plaintiffs' home. This order was continued in effect pursuant to stipulation of counsel pending the final outcome of this litigation. Plaintiffs now move for summary judgment.

The dealings between the parties began when Michael Neth, a salesman for defendant Homeowners Loan Corporation, mailed plaintiffs a letter soliciting their business. Plaintiffs responded by telephone, and on June 14, 1972, Mr. Neth went to plaintiffs' home to arrange the loan. At that time plaintiffs signed a contract granting Homeowners Loan Corporation an exclusive right to procure a loan for them and a form requesting the trustee under a prior Deed of Trust to supply Homeowners Loan Corporation with information about that

prior loan. During this meeting, Mr. Neth presented plaintiffs with a "Broker's Loan Statement" and two copies of a notice of right of rescission (these documents are described in detail below). On June 16 Mr. Neth wrote plaintiffs informing them that their loan had been approved. Plaintiffs went to the offices of Homeowners Loan Corporation four days later and signed a note in the amount of $9300 and a Deed of Trust securing the note. The proceeds of the loan were dispersed for the benefit of plaintiffs on June 27. Five and one-half months after that, on December 11, plaintiffs mailed defendants letters informing them of plaintiffs' decision to exercise their right to rescind the transaction pursuant to 15 U.S.C. § 1635.

## I. DEFENDANTS' FAILURE TO DISCLOSE

The Truth-in-Lending Act and the regulations enacted pursuant to it require that certain disclosures be made in connection with consumer credit transactions. The purpose of requiring these disclosures, as stated by Congress in § 1601, is:

> The informed use of credit results from an awareness of the cost thereof by consumers. It is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.

*See also* S.Rep.No.392, 90th Cong., 1st Sess. 1–3 (1967); H.R.Rep.No.1040, 90th Cong., 2d Sess. 7, 13 (1968). The key to assuring that the required disclosures will provide for the knowledgeable use of credit and make "comparison shopping" possible is standardization of what certain credit terms mean. In order to avoid violation of the Truth-in-Lending Act, a creditor must calculate these terms in compliance with technical statutes and regulations. This technical precision is, however, necessary if the congressional purpose is to be fulfilled. Recognizing this, the courts have found violations of the act based upon slight deviations. *See, e. g.,* Buford v. American Finance Co., 333 F.Supp. 1243 (N.D.Ga.1971) (failure to include one dollar notary fee in "finance charge").

In the present case there is no question that defendants failed to make the required disclosures in proper form. A creditor must disclose the necessary information, except the right to rescind, in a single document, either in the note "on the same side of the page and above or adjacent to the place for the customer's signature," or on one side of a separate statement. 12 C.F.R. § 226.8(a). The note signed on June 20 contains very little of the required information. While the Broker's Loan Statement is more complete, it, too, has several omissions.

Nowhere does the Broker's Loan Statement—or any other document given plaintiffs—state the "total of payments due," as required by 12 C.F.R. § 226.8(b)(3), or the "amount financed," as required by 15 U.S.C. § 1639(a)(3); 12 C.F.R. § 226.8(d)(1). Although information concerning the "finance charge" is provided, it is not set forth in accordance with the uniform system prescribed: the heading "finance charge" is used to refer to the "prepaid finance charge," as defined in 12 C.F.R. § 226.8(d)(2), and the true "finance charge," as defined by 15 U.S.C. § 1605; 12 C.F.R. § 226.4, is labeled "total amount of finance charge." Not only does this violate the express requirement that the "finance charge" be set forth labeled as such, 15 U.S.C. § 1639(a)(4); 12 C.F.R. § 226.8(d)(3), but this confusing misuse of the key term "finance charge" substantially undercuts fulfillment of the statutory purpose of making possible meaningful comparisons of alternative sources of credit. *See* Buford v. American Finance Co., *supra* at 1247. Finally, the Broker's Loan Statement contains several less significant deviations from the statutory requirements: the names of the principal creditors are omitted contrary to 12 C.F.R. § 226.6(d); the statement concerning the prepayment penalty charge is incomplete contrary to 12 C.F.R. § 226.8(b)(6); the statement concerning late payment penalties is in-

complete contrary to 12 C.F.R. § 226.-8(b)(4); and the disclosure statement fails to segregate the required disclosures from the additional information provided contrary to 12 C.F.R. § 226.-6(c). Thus, there are several material omissions in the Broker's Loan Statement.

In addition to the failure to disclose information concerning the terms of the loan, defendants failed to properly inform plaintiffs of their right to rescind. As discussed, when plaintiffs applied for a loan, they were provided with a notice of their right to rescind in the form prescribed by 12 C.F.R. § 226.9(b). The form, however, states that the loan was consummated and the three day rescission period began to run on June 14, and that plaintiffs had to rescind by June 19. In fact, as defendants themselves have argued in this proceeding, the loan was not consummated until June 20. Thus, this statement failed to properly disclose the details of plaintiffs' right to rescind contrary to 15 U.S.C. § 1635(a); 12 C.F.R. § 226.9(b).

## II. REMEDY

Plaintiffs ask that the court declare the lien on their property void, award damages in the sum of $1000, and award their attorney's fees and costs. Defendants argue that rescission in this case would be improper, because plaintiffs' notice of rescission was untimely, because the disclosures omitted were not material, and because plaintiffs have not tendered the money they received. In response to plaintiffs' request for damages, defendants argue that any violation of the disclosure requirements was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid error; alternatively defendants argue that plaintiffs must elect between the remedies of rescission and damages.

Clearly plaintiffs had a right to rescind in this case and they properly exercised that right on December 11, 1972. The right of rescission continues until "midnight of the third business day following the consummation of the transaction or the delivery of the disclosures required under this section and all other material disclosures required under this part, whichever is later." 15 U.S.C. § 1635; 12 C.F.R. § 226.9(a). Here plaintiffs notified defendants of their election to rescind before defendants disclosed several material matters. As discussed in the previous section several items, including the correct amount of the "finance charge," have not been disclosed. The notice was, therefore, timely. By sending their notice to defendants, plaintiffs did all that was required of them. Defendants' claim that along with the notice plaintiffs ought to have tendered the money loaned them is expressly rejected by 15 U.S.C. § 1635(b), which provides:

> Within ten days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. *Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor.*

Although this pattern is inconsistent with the traditional common law requirements of rescission, Congress, of course, has the power to alter the common law.

The question whether this is an appropriate case for an award of damages is a more difficult one. The first argument—that any violation of the disclosure requirements was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error—attempts to raise the defense in § 1640(c). This defense, however, only applies to clerical errors, not to good faith failures to disclose required information. *See* Douglas v. Beneficial Finance Co., 334 F.Supp. 1166, 1178 (D.Alaska 1971); Buford v.

American Finance Co., *supra,* 333 F. Supp. at 1247; Ratner v. Chemical Bank N. Y. Trust Co., 329 F.Supp. 270, 281–282 (S.D.N.Y.1971). Thus, this defense is not available to the defendants in this case. The second defense—that plaintiffs must elect between rescission and damages—however, raises a substantial issue. Previous decisions considering who has standing to sue for damages are inconsistent. *Compare* Bostwick v. Cohen, 319 F.Supp. 875, 878 (N.D.Ohio 1970), *with* Ratner v. Chemical Bank N. Y. Trust Co., *supra,* 329 F.Supp. at 280–281, and Douglas v. Beneficial Finance Co., *supra,* 334 F.Supp. at 1178. Because the parties have not argued this point, the court will withhold judgment on this question until the parties have had an opportunity to present their views.

In accordance with the foregoing, which constitutes the court's findings of fact and conclusions of law,

It is hereby ordered:

(1) that plaintiffs' motion for summary judgment is granted;

(2) that defendants are permanently enjoined from selling plaintiffs' property pursuant to the Deed of Trust dated June 20, 1972; and

(3) that the lien on plaintiffs' real property created by the Deed of Trust dated June 20, 1972, is void.

## SUPPLEMENTAL OPINION

Pursuant to the court's order of March 29, 1973, the parties have now thoroughly argued the one remaining issue in this case: whether plaintiffs may collect the statutory penalty and reasonable attorney's fees pursuant to 15 U.S.C. § 1640(a) after they elected to rescind this transaction pursuant to 15 U.S.C. § 1635(a).

The governing statute, § 1640(a), provides:

> Except as otherwise provided in this section, any creditor who fails in connection with any consumer credit transaction to disclose to any person any information required under this part to be disclosed to that person in an amount equal to the sum of
>
> (1) twice the amount of the finance charge in connection with the transaction, except that the liability under this paragraph shall not be less than $100 nor greater than $1,000; and
>
> (2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with a reasonable attorney's fee as determined by the court.

If the words of the statute are given their literal meaning, clearly plaintiffs are entitled to recover the penalty and attorney's fees: certainly defendants are creditors, plaintiffs are persons who did not receive information that defendants are required to disclose to them, and this is a consumer credit transaction. Nevertheless, the only court to expressly consider this question concluded that § 1640 cannot be employed following rescission. Bostwick v. Cohen, 319 F.Supp. 875, 878 (N.D.Ohio 1970). *But see* Douglas v. Beneficial Finance Co., 334 F.Supp. 1166, 1178 (D.Alaska 1971) (granting both rescission and the penalty).

As the *Bostwick* court noted, the intended interrelationship of § 1635(a) and § 1640(a) is not expressly stated in either the statute or legislative history. No doubt, this is, in large measure, because the rescission provision was added late in the legislative process. After the Senate had passed one version of the Truth-in-Lending Act and the House of Representatives was presented with a second version by its Banking and Currency Committee, Congressman Cahill proposed an amendment that required lendors to make the necessary disclosures three days earlier than usual if the transaction resulted in a security interest in a borrower's home. Presumably a failure to obey this new provision would have been considered like any other failure to disclose information at the proper time, and the borrower could seek the civil penalty. The amendment was adopted without any debate, opposition, or explanation. 90th Cong., 2d Sess.,

114 Cong.Rec. 1610–11 (1968). Without explaining why, the Conference Committee then changed this to the three day rescission period that was eventually enacted. Thus, there is no indication how the belatedly added rescission provision was intended to fit with the penalty provision, and it is possible that Congress never considered the problem.

Based upon this general absence of legislative history, an indication in an early House Report that the civil penalty is intended to aid an "aggrieved debtor" (H.R.Rep.No.1040, 90th Cong., 2d Sess. (1968)), and, especially, the court's opinion that § 1640 provided for "damages" available only to one who was forced to pay a finance fee, the *Bostwick* court concluded that a rescinding debtor could not collect the statutory penalty and attorney's fees—at least in cases where no court action is necessary to effectuate rescission. Much of this reasoning is undermined by the Supreme Court's recent opinion in Mourning v. Family Publications Serv., Inc., 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973). In the course of that opinion, the Court takes the position that § 1640(a) provides for a "civil penalty"—not "damages," as the *Bostwick* court concluded—and that the sanction is proper even when no finance charge exists. Significantly, this entirely rejects one of the express premises of the *Bostwick* court's argument: that § 1640(a) "seeks only to protect those consumers who pay finance charges," and that "disclosure is only required when finance charges may be imposed." 319 F.Supp. at 878 n. 1.

In effect, the Supreme Court has affirmed the position, previously taken in Ratner v. Chemical Bank New York Trust Co., 329 F.Supp. 270, 280 (S.D.N.Y.1971), that the Congressional purpose was "to create a species of 'private attorney general' to participate prominently in enforcement" of the Truth-in-Lending Act, and to compensate those who undertook this public service through the civil penalty and reasonable attorney's fees provisions. As the *Bostwick* court concluded, it is inconsistent to allow a party to both rescind a contract and recover damages for its breach. But it is not inconsistent to allow a party both to rescind and to sue as a "private attorney general" to stop a violation of the Truth-in-Lending Act. Thus, in view of the Supreme Court's characterization of the award in § 1640(a) as a "penalty," the inconsistency the *Bostwick* court relied upon disappears. Surely, if Congress intended to compensate and pay attorney's fees for those who suffer no injury, but voluntarily bring suit to stop violations of the Truth-in-Lending Act, Congress must have also intended that those, such as plaintiffs, who are forced to go to court in order to enforce their right to rescind would also be compensated and recover their attorney's fees.

The court, therefore, concludes that plaintiffs are entitled to the benefits of § 1640(a). Because twice the amount of the finance charge exceeds $1,000, plaintiffs are entitled to the maximum penalty of $1,000. Plaintiffs have asked for $5,500 as reasonable attorney's fees. However, based upon its review of the time summaries presented by plaintiffs' counsel, the court's own view of the amount of work necessary to prepare this case, and the proper compensation for an attorney doing this type of work, the court fixes reasonable attorney's fees to be $4,400. Accordingly,

It is ordered that:

(1) plaintiffs shall recover from defendants the amount of $1,000;

(2) plaintiffs shall also recover from defendants their costs and $4,400 as reasonable attorney's fees; and

(3) plaintiffs are directed to prepare a form of judgment in accordance with the foregoing, the court's prior order granting motion for summary judgment, and Local Rule 123.