Carmen SAMBOLIN, Plaintiff,

v.

KLEIN SALES CO., Defendant.

No. 73 Civ. 4800.

United States District Court,
S. D. New York.

April 27, 1976.

Michael D. Hampden, The Legal Aid Society, New York City, for plaintiff; Mary Madeline Welch, New York City, of counsel.

Arnold Davis, New York City, for defendant.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

This is a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure. The action is brought under the

Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*

On a date unknown, Mrs. Carmen Sambolin, the plaintiff, telephoned Steve Kleiner, the sole proprietor of Klein Sales Co., the named defendant, to inquire about mattresses, boxsprings, and linoleum. On November 10, 1972, Mr. Kleiner visited the Sambolin apartment. After discussing the merchandise, Mrs. Sambolin decided to purchase three boxspring and mattress sets and linoleum for her kitchen. The price was set at $444.00; with tax the total for all items was $475.08. Mrs. Sambolin paid a deposit of $80.00 and signed a form contract for the balance. The plaintiff made one $30.00 payment and has made no further payments.

The plaintiff's position is that as a matter of law the contract violates the Truth in Lending Act. Specifically, the plaintiff claims that the contract fails to disclose the number of payments to be made, the amount of each payment, the due date of the payments, the date on which the buyer will be deemed in default, and the method of computing fees if the case is referred for collection, all in violation of 15 U.S.C. § 1638(a) and 12 CFR § 226.8 promulgated thereunder. The plaintiff further alleges that the defendant failed to use the terminology required by statute.

The defendant responds first, that sales in issue are not consumer credit transactions, second, that, in any event, those items which are required to be disclosed under the Act have been disclosed in substance and, finally, that any violation of the Act was unintentional and was a bona fide error.

■ To fall within the disclosure provisions cited by plaintiff, 15 U.S.C. § 1638 ("Sales not under open end credit plans"), the transaction must be a "consumer credit sale." "Consumer" as an adjective "characterizes the transaction as one in which the party to whom credit is offered or extended is a natural person and the money, property or services which are the subject of the transaction are primarily for personal, family, household or agricultural purposes." 15 U.S.C. § 1602. Since plaintiff, Carmen

Sambolin, is a natural person and the linoleum, mattress and boxsprings were knowingly sold for household purposes (Kleiner measured the kitchen for the linoleum). The remaining question is whether the transaction was a credit sale.

A "credit sale" is defined as "any sale with respect to which credit is extended or arranged by the seller." 15 U.S.C. § 1602. The defendant argues that the instant sale is outside the definition of credit sale because no credit, hidden or otherwise, was extended. However, under the so-called Regulation Z promulgated by the Board of Governors of the Federal Reserve System pursuant to statute, 15 U.S.C. § 1604, "consumer credit is defined as

"credit offered or extended . . . for which a finance charge is or may be imposed or which pursuant to an agreement is or may be payable in more than four installments. . . ."

12 CFR § 226.2(k).

■ The Four Installment Rule was devised to eliminate the potential loophole of concealing the cost of financing in the price of the goods so as to avoid the disclosure requirements of the Act. The United States Supreme Court has upheld this provision as being within the rule making authority of the Board. *Mourning v. Family Publication Service*, 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973). Thus, regardless of defendant's claim that there was no finance charge, the sale falls within the Act since by defendant's own admission the purchase price was payable in more than four installments.

■ Defendant's claim of substantial compliance must also fail. Reviewing the document in question labeled "Retail Installment Contract," it appears that the blank space provided for listing the number of payments was not filled in. Furthermore, the amount of the final payment is not disclosed. These omissions are in violation of 15 U.S.C. § 1638, 12 CFR § 226.-8(c)(3). The abbreviation "D.P." is used instead of the required phrase "cash downpayment." 12 CFR § 226.8(c)(2). The cryp-

tic language "Cr. Ser. Charges" with a line through the column where the amount would appear is used to indicate the absence of a "finance charge." 12 CFR § 226.-8(c)(8)(i). The term "Total" is used in lieu of the required term "unpaid balance." 12 CFR § 226.8(c)(5).

Congress has determined that use of uniform terminology makes items readily identifiable and encourages comparisons. 15 U.S.C. § 1601. The adoption by the Board of required terminology is certainly an appropriate use of its rule-making authority under 15 U.S.C. § 1604.

■ Finally, the defendant contends that his failure to comply, if any, falls within the provisions of 15 U.S.C. § 1640(c):

"A creditor may not be held liable in any action brought under this section for a violation of this part if the creditor shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedure reasonably adopted to avoid any such error."

Here, the omissions are contained on the face of the printed form. The form was not used by a low level employee but rather by the sole proprietor of the defendant. There is no allegation that Kleiner inadvertently used an out of date form. If the only omission in question was the failure to list the number of payments an issue of fact would remain unresolved since a blank space is provided on the form but was not filled in. Absent factual allegations which would indicate otherwise, it can be said as a matter of law that the use of a non-complying form by the principal of the defendant is the failure to maintain "procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1640(c).

■ Courts have rejected the § 1640(c) defense and granted summary judgment to the plaintiff where there has been an allegation of good faith failure to disclose where it is apparent that the omission was not the result of a clerical error. See *Palmer v. Wilson*, 359 F.Supp. 1099, 1102–03 (N.D.Calif.1973); *Douglas v. Beneficial Fi-*

*nance Co.*, 334 F.Supp. 1166, 1178 (D.Alaska 1971); *Ratner v. Chemical Bank*, 329 F.Supp. 270, 281–82 (S.D.N.Y.1971). While summary judgment should not be a vehicle for trial by affidavit, *United States v. Bosurgi*, 530 F.2d 1105 (2d Cir. 1976), it should not be denied to a plaintiff where there are no non-frivolous issues of fact to be tried.

Accordingly, the motion for summary judgment is granted. A hearing will be scheduled at which time the penalty, costs, and attorney fees permitted under 15 U.S.C. § 1640(a) may be computed. The defendant's request to file a counterclaim will be considered at that time.

SO ORDERED.