Eric JONES and Jacqueline Jones, his wife, Plaintiffs,

v.

EAST HILLS FORD SALES, INC., a corporation, and Mellon Bank, a national banking association, Defendants.

Civ. A. No. 75–419.

United States District Court,
W. D. Pennsylvania.

July 25, 1975.

Felix J. DeGuilio, Pittsburgh, Pa., for plaintiffs.

David A. McVey, Pittsburgh, for East Hills Ford Sales.

Thomas R. Wright, Pittsburgh, Pa., for East Hills & Mellon Bank.

## OPINION

GOURLEY, Senior District Judge.

This is a Truth in Lending case which involves the credit sale of an automobile purchased from East Hills Ford Sales, Inc. and financed through Mellon Bank. The plaintiffs cause of action is based on alleged violations by the defendant of several disclosure provisions of the Act, 15 U.S.C.A., Section 1601 et seq. and Regulation Z, 12 C.F.R. § 226.1 et seq. At the time of trial each of the parties submitted to the Court a Motion for Summary Judgment, and it appears after most extensive arguments that no disputed questions of fact exist.

Plaintiffs previously purchased a 1971 Chevrolet and subsequent thereto decided to purchase a 1975 Ford. A written contract was entered into by the plaintiffs, title was issued in the name of Jacqueline Jones, one of the plaintiffs, the dealer paid Mellon Bank the balance due on the 1971 Chevrolet, a motor vehicle installment contract was executed and assigned the same day to Mellon Bank, and the total amount financed was $6,683.40. The contract executed is very clear in all respects. The date of the contract, the total purchase price of the new car, the cost of the life insurance, the allowances for the old car, the balance due on the old car, the Pennsylvania Sales Tax, the vehicle registration cost, the amount of the finance charge, the unpaid balance, the total payments required, the annual interest percentage rate, and when the payments were to commence are all fully and completely set forth and contained in a most clear and intelligent manner.

It appears that insurance coverage was originally issued for the new vehicle by the Travelers Insurance Company, and due to the failure to pay the premium the insurance coverage was cancelled and the dealer, with the consent of Mellon Bank, repossessed the vehicle. The course of action pursued by the defendants was authorized and consistent with all provisions of the written agreement. No useful purpose could be served by making reference to the terms and provisions of the contract which explains and identifies with absolute clarity the various charges which are the subject of the financing arrangements between the buyer, the seller, and the bank. Suffice to say, the right existed to repossess the vehicle after the buyer failed to maintain insurance coverage or perform any part of the agreement. The life insurance coverage was optional on the part of the buyer and was to continue until the amount of the credit sale was fully paid.

"Disclosure" under the Act is a term of art which refers to the manner in which a creditor must convey certain information to a consumer. Consequently, the requirements of disclosure under the Act do not apply to all information that a creditor might furnish to a customer, but only to that information the Act requires to be "disclosed" to a customer. This required information, in a credit sale transaction, is set forth in Section 106 of the Act, 15 U.S.C. § 1605, and in Section 128, 15 U.S.C. § 1638.

In Regulation Z, the pertinent regulations for a credit sale are set forth in 12 C.F.R. §§ 226.4, 226.6 and 226.8. Other sources of law and interpretations of the Act and Regulation Z appear in

Federal Reserve Board Interpretations of Regulation Z, 12 C.F.R. § 226.201 et seq. and in Federal Reserve Board Staff Opinions and Model Forms. These latter authorities, including Regulation Z, although not absolute and binding on a Court, are entitled to great weight and deference in construing the requirements of the Truth in Lending Act. *Philbeck v. Timmers Chevrolet, Inc.*, 499 F.2d 971 (5th Cir. 1974).

The insurance provisions on the face of the contract state that the cost of credit life insurance, if selected, would be $92.23 for the full term of the credit sale. Plaintiff, Eric Jones, elected to purchase said insurance. The credit life insurance premium was accordingly itemized as a charge and properly included in the "amount financed" on the face of the contract in accordance with Regulation Z, § 226.8(c)(4), 12 C.F.R. § 226.8(c)(4). The credit life insurance disclosure provisions of the contract comply with the exemption provided by Section 106(b) of the Truth in Lending Act, 15 U.S.C. § 1605(b), and with the corresponding provision in Regulation Z, § 226.4(a)(5), 12 C.F.R. § 226.4(a)(5). Thus, the credit life insurance provisions of the contract comply with the Act and Regulation Z.

The case of *Johnson v. McCrackin-Sturman Ford, Inc.*, 381 F.Supp. 153 (W.D.Pa.1974) on appeal, an associate member of the Court in a similar case held that a mere right to accelerate payments upon default constitutes a charge in the event of late payment within the meaning of Regulation Z, § 226.8(b)(4), 12 C.F.R. § 226.8(b)(4) and therefore must be disclosed on the face of the contract.

However, prior to the instant business relation, a Federal Reserve Board Staff Opinion clarified the position of the Board regarding the applicability of § 226,8(b)(4), 12 C.F.R. § 226.8(b)(4) to the mere existence of an acceleration provision in a contract. Said opinion provided that the right of a creditor to accelerate payments upon default is a contractual remedy and not a default, delinquency or similar charge payable in the event of late payments within the meaning of Regulation Z, § 226.8(b)(4), 12 C.F.R. § 226.8(b)(4). Since the unearned portion of the finance charge would be rebated to the debtor or credited to the obligation, in accordance with the practice of defendant, Mellon Bank, and as required by law, there would be no additional amount to be paid by the debtor by reason of acceleration on the facts of this case. Hence, Regulation Z, § 226.8(b)(4) is inapplicable to the right of acceleration for want of a "charge" to disclose.

Regulation Z, § 226.8(c)(8)(i), 12 C.F.R., § 226.8(c)(8)(i), provides for the following disclosure in a credit sale: "The total amount of the finance charge, with description of each amount included, using the term 'finance charge' . . . ." The only component of the finance charge set forth in the contract ($1,019.47) is the finance charge itself, which is authorized to be charged to plaintiffs in connection with the installment sale over a period of 36 months pursuant to the Motor Vehicle Sales Finance Act, 69 P.S. § 619. Itemization of the components of the finance charge is not required by the Truth in Lending Act or Regulation Z when the only component of the finance charge is the finance charge imposed for the extension of credit.

It is the judgment of the Court that the defendants have not violated any of the disclosure provisions in the Truth in Lending Act and Regulation Z in connection with the extension of finance credit to the plaintiffs for the purchase by them of an automobile from East Hill Ford Sales, Inc., and the financing thereof through Mellon Bank, to whom the contract was assigned by the Ford agency. Simply stated, all disclosures required by the Act and Regulation Z were properly made to the plaintiffs in the installment sale contract.

In view of the fact that the plaintiffs have not prevailed, no basis exists

to award the plaintiffs attorneys fees for cost.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate Order is entered.