**Russell M. COSBY, Plaintiff,**

v.

**MELLON BANK, N. A. and Ted McWilliams Volkswagen, Inc., Defendants.**

**Civ. A. No. 75–415.**

United States District Court, W. D. Pennsylvania.

Feb. 9, 1976.

Peter D. Jacobson, Pittsburgh, Pa., for plaintiff.

Thomas D. Wright, Pittsburgh, Pa., for defendants.

## OPINION

GOURLEY, Senior District Judge.

This is a Truth-in-Lending case which involves the credit sale of an automobile purchased from the defendant, Ted McWilliams Volkswagen, Inc., and financed through the defendant, Mellon Bank, N.A. The plaintiff's cause of action is based upon the defendants' failure to comply with the disclosure provisions of the Act, 15 U.S.C.A., § 1601 et seq. and Regulation Z, 12 C.F.R., § 226.1 et seq. More specifically, plaintiff claims that the defendants' failure to itemize components of the finance charge violated Regulation Z, § 226.-8(c)(8)(i), 12 C.F.R., § 226.8(c)(8)(i) and that the defendants' failure to disclose the acceleration clause contained in the contract as a default charge violated Regulation Z, § 226.8(b)(4), 12 C.F.R., § 226.8(b)(4). All parties moved for summary judgment. On October 2, 1975, the Court held a hearing on the summary judgment motions but deferred its decision until the disposition of the "acceleration clause issue" which was pending before the United States Court of Appeals for the Third Circuit in the case of *Johnson v. McCrackin-Sturman Ford, Inc.,* 381 F.Supp. 153, Civil Action No. 73–458 in the District Court and Civil Action No. 75–1659/61 in the Court of Appeals, 527 F.2d 257.

The facts may be simply stated. On August 14, 1975, the plaintiff, Russell M. Cosby, entered into a consumer credit transaction for the purchase of an automobile from the defendant, Ted McWilliams Volkswagen, Inc. An installment contract was executed and the agreement was then assigned to the defendant, Mellon Bank, N.A. The total amount financed by the plaintiff was $1,831.50. The contract executed is very clear in all respects. The date of the contract, the total cash price of the automobile, the total down payment, the unpaid balance of the cash price, the cost of insurance, taxes, the amount financed, the amount of the finance charge, the total payments required, the annual interest percentage rate, and when the payments were to commence are completely and fully set forth in a most clear and intelligent manner.

"Disclosure" under the Act is a term which refers to the manner in which a creditor must convey certain information to a consumer. Consequently, the requirements of disclosure under the Act do not apply to all information that a creditor might furnish to a customer but only to that information the Act requires to be "disclosed" to a customer. This required information, in a credit sale transaction, is set forth in Section 106 of the Act, 15 U.S.C.A., § 1605, and in Section 128, 15 U.S.C.A., § 1638.

Regulation Z, § 226.8(c)(8)(i), 12 C.F.R., § 226.8(c)(8)(i), provides for the following disclosure in a credit sale: "The total amount of the finance charge, with description of each amount included, using the term 'finance charge' . . . " The only component of the finance charge set forth in the instant contract ($422.45) is the finance charge itself, which is authorized to be charged to the plaintiff pursuant to the Motor Vehicle Sales Finance Act, 69 P.S., § 619. This Court has repeatedly held that when the only component of the finance charge is the finance charge imposed for the extension of credit, the itemization of the components of the finance charge is not required by the Truth-in-Lending Act or Regulation Z, *Jones v. East Hills Ford Sales, Inc. and Mellon Bank, N.A.,* 398 F.Supp. 402 (W.D.Pa.1975).

Likewise, the Court can find no merit to plaintiff's contention that the

defendants violated Regulation Z, § 226.-8(b)(4), C.F.R. 226.8(b)(4), by failing to disclose as a "default charge" the acceleration clause contained on the reverse side of the disclosure statement. The decision by the Court of Appeals for the Third Circuit in the case of *Johnson v. McCrackin-Sturman Ford, Inc.,* 527 F.2d 257 (C.A. 75–1659/61, filed December 16, 1975) appears to be dispositive of that issue. In *Johnson,* the Court of Appeals reversed the District Court and held that the right to accelerate the unpaid principal is a remedy for default and is not an "amount" in the sense that the word is used in Section 226.8(b)(4). The Court went on to hold:

> "We are of the opinion that the Board Staff's interpretation of section 226.-8(b)(4) is a reasonable one and agree that when a creditor is required to rebate the unearned portion of the finance charge, his right of acceleration is not a 'default, delinquency or similar charge.'"

Since the unearned portion of the finance charge would be rebated to the debtor or credited to the obligation, in accordance with the practice of the defendant, Mellon Bank, N.A., as required by law, there would be no additional amount to be paid by the debtor by reason of the acceleration on the facts of this case. Hence, Regulation Z, § 226.-8(b)(4) is inapplicable to the right of acceleration for want of a "charge" to disclose.

It is the judgment of the Court that the defendants have not violated any of the disclosure provisions in the Truth-in-Lending Act and Regulation Z in connection with the extension of finance credited to the plaintiff for the purchase of an automobile from Ted McWilliams Volkswagen, Inc. and the finance thereof through Mellon Bank, N.A.

Simply stated, all disclosures required by the Act and Regulation Z were properly made to the plaintiff in the installment sale contract.

In view of the fact that the plaintiff has not prevailed, no basis exists to award plaintiff attorney fees or costs.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate Order is entered.

### ORDER

And now, this 9th day of February, 1976, judgment is hereby entered in behalf of defendants, Ted McWilliams Volkswagen, Inc. and Mellon Bank, N.A., and against the plaintiff, Russell M. Cosby, together with costs. No attorney fees are awarded in favor of the plaintiff.