**Richard GENNUSO, Plaintiff,**

**v.**

**COMMERCIAL BANK AND TRUST COMPANY, Defendant.**

**Civ. A. No. 75–495.**

United States District Court,
W. D. Pennsylvania.

Oct. 28, 1976.

Jack H. Kudzma, Kudzma & Green, Pittsburgh, Pa., for plaintiff.

Harry Menzer, Pittsburgh, Pa., for defendant.

## OPINION

McCUNE, District Judge.

Plaintiff's cause of action is based upon the defendant's alleged failure to adequately comply with the disclosure provisions of the Truth-in-Lending Act (the Act), 15 U.S.C. § 1601 *et seq.,* and Regulation Z, 12 C.F.R. § 226.1 *et seq.* Jurisdiction is based on Section 130(e) of the Act, 15 U.S.C.A. § 1640(e).

The facts are not in dispute. On June 17, 1974, plaintiff, Richard Gennuso, entered into a consumer credit transaction [1] with the defendant, Commercial Bank and Trust Company (Commercial), in order to obtain an automobile loan for the purchase of a new 1974 Chevrolet. During the course of the transaction, plaintiff received two documents from Commercial: a "Disclosure Statement—Direct Installment Loans" and a "Note and Security Agreement." Both documents were signed by plaintiff and his wife, and an officer of the defendant bank.

Following execution of the transaction, Commercial loaned plaintiff the sum of

---

1. Plaintiff's wife, Patricia Gennuso, was also a party to this transaction. However, she did not join as a party-plaintiff in this suit. See Plaintiff's Complaint, Exhibits "A" and "B."

$3900 for which a finance charge of $586.32 was imposed. The total amount financed by the plaintiff was $4,486.32, to be paid in 36 monthly installments of $124.62 per month, commencing July 20, 1974.

On April 22, 1975, plaintiff filed this suit alleging four particular violations of the Act and Regulation Z.[2] Both parties have moved for Summary Judgment. After a consideration of the respective arguments presented and for the reasons that follow, we are convinced that Commercial did not violate the applicable sections of the Act and Regulation Z, and accordingly, will grant defendant's motion.

## I

The Truth-in-Lending Act was passed by Congress in 1968 as the result of growing congressional concern over consumers' ignorance of the nature and cost of their credit obligations. See: *Mourning v. Family Publications Service, Inc.,* 411 U.S. 356, 363–69, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973).[3] The Act and Federal Reserve Board Regulation Z require that certain disclosures[4] be made in connection with consumer credit transactions. As stated by the Supreme Court in *Mourning, supra,* both the Act and Regulation Z serve a clear and definite purpose in requiring disclosures:

"[B]y requiring all creditors to disclose credit information in a uniform manner, and by requiring all additional mandatory charges imposed by the creditor as an incident to credit be included in the computation of the applicable percentage rate, the American consumer will be given the information he needs to compare the cost of credit and to make the best informed decision on the use of credit." 411 U.S. at 365, 93 S.Ct. at 1658.

This purpose was subsequently codified in the Act itself, 15 U.S.C. § 1601. See also: *Philbeck v. Timmers Chevrolet, Inc.,* 499 F.2d 971, 976 (5th Cir. 1974).

In line with this congressional purpose and intent, we must analyze plaintiff's arguments and consider the manner in which Commercial set forth the necessary disclosures in the two documents which plaintiff received at the time the credit transaction was entered into. Thus, we turn to a discussion of plaintiff's allegations.

A. *Commercial's Disclosure of a Security Interest in the Proceeds and Unearned Premiums of a Property Insurance Policy.*

An analysis of plaintiff's first contention[5] requires a review of the documents he received during the course of the credit transaction in light of the require-

---

**2.** First, Commercial failed to disclose and identify clearly, conspicuously and in a meaningful sequence, a security interest in the proceeds and unearned premiums of a property insurance policy as required by §§ 226.6(a) and 226.8(b)(5) of Regulation Z;

Second, Commercial failed to disclose and make prior reference to a note and security agreement which provided for a security interest in after-acquired property, to wit, accessions to the collateral automobile in violation of §´226.8(b)(5) of Regulation Z;

Third, Commercial disclosed additional information, to wit, a non-existent warrant to confess judgment, in a manner so as to mislead or confuse the plaintiff in violation of § 226.6(c) of Regulation Z; and

Fourth, Commercial failed to properly disclose a charge in the event of late payment, to wit, the right to accelerate the debt, in violation of § 226.8(b)(4) of Regulation Z.

**3.** The intent and purpose of the Act and Regulation Z have most recently been summarized

in *Allen v. Beneficial Finance Co. of Gary, Inc.,* 393 F.Supp. 1382 (N.D.Ind.1975), aff'd, 531 F.2d 797, 800 (7th Cir. 1976), petition for cert. filed, —— U.S. ——, 97 S.Ct. 237, 49 L.Ed.2d 166 (1976).

**4.** The term "Disclosure" under the Act has recently been defined in this District as,

". . . a term which refers to the manner in which a creditor must convey certain information to a consumer. Consequently, the requirements of disclosure under the Act do not apply to all information that a creditor might furnish to a customer, but only to that information the Act requires to be 'disclosed' to a customer. . . ." See *Cosby v. Mellon Bank, N. A.,* 407 F.Supp. 233, 234 (W.D. Pa.1976); *Jones v. East Hills Ford Sales, Inc.,* 398 F.Supp. 402, 403 (W.D.Pa.1975).

**5.** See footnote 2, *supra.*

ments set forth in §§ 226.6(a)[6] and 226.-8(b)(5)[7] of Regulation Z. In addition, plaintiff, in his brief,[8] contends that § 226.-8(a)[9] also applies.

A review of the first document, the Disclosure Statement, reveals that in the center of that page, under the words, "Disclosure Statement," Commercial advised plaintiff that certain disclosures which followed were "(Furnished pursuant to the Federal Truth In Lending Act and F.R.B. Reg. Z)." Proceeding down that page, Commercial clearly set forth the following information: The amount financed, the *Finance Charge,* the *Annual Percentage Rate,* the number and amount of payments including the due date of each payment and the total payments involved, and the method of computing the amount of any delinquency charges. Then, at paragraph 8, the Disclosure Statement included the identification of the security interest involved. Paragraph 8 ap-

pears in lower third of the Disclosure Statement in the following form:

"8. Identification of security interest _____
    New 1974 Chev. Monte Carlo 2 door
    Hardtop Ser # 1H57H4B575585
    (refer to the instrument evidencing the obligation for full description of property to which the security interest relates and after acquired property to which the security interest may attach)."

Approximately one inch below paragraph 8 appears the date, "June 17, 1974," and the signature of a representative of Commercial. Directly below that appear the signatures of plaintiff and his wife, along with the same date.

■ Turning to the Note and Security Agreement, the applicable provision which is the subject of plaintiff's first contention is paragraph 6,[10] which also appears in the lower third of that page. Paragraph 6, in

6. Section 226.6(a) provides:
    "(a) *Disclosures; general rule.* The disclosures required to be given by this part shall be made clearly, conspicuously, [and] in meaningful sequence, in accordance with the further requirements of this section . . .."

7. Section 226.8(b)(5) provides:
    "(b) *Disclosures in sale and nonsale credit.* In any transaction subject to this section, the following items, . . . shall be disclosed:
    . . . (5). A description or identification of the type of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates or, if such property is not identifiable, an explanation of the manner in which the creditor retains or may acquire a security interest in such property which the creditor is unable to identify. In any such case where a clear identification of such property cannot properly be made on the disclosure statement due to the length of such identification, the note, other instrument evidencing the obligation, or separate disclosure statement shall contain reference to a separate pledge agreement, or a financing statement . . . or similar document evidencing the security interest . . .."

8. See Plaintiff's Brief, pages 3 and 5.

9. Section 226.8(a) provides:
    "(a) *General rule.* . . . All of the disclosures shall be made together on either
    (1) The note or other instrument evidencing the obligation on the same side of the

page and above or adjacent to the place for the customer's signature; or
    (2) One side of a separate statement which identifies the transaction."

10. The full text of paragraph 6 reads as follows:
    "Debtor warrants, covenants and agrees that:
    . . . 6. Debtor will insure the Collateral against such risks and casualties and in such amounts as Bank shall require. All policies of insurance shall contain loss payable clauses in favor of Bank and Debtor as interests may appear, and such policies or certificates evidencing the same shall be deposited with Bank. If Debtor fails to effect and keep in force such insurance or fails to pay the premium thereon, Bank may do so for Debtor's account, adding the cost thereof to the debt secured thereby. Debtor hereby assigns and sets over to Bank any return of unearned premiums which may be due upon cancellation of any such policy for any reason whatsoever, and directs the insurers to pay Bank any amount so due. Bank is hereby appointed Debtor's attorney in fact to endorse any draft or check which may be payable to Debtor in order to collect such return or unearned premiums or the proceeds of any such insurance. Any balance of insurance proceeds remaining after payment in full of the debt secured hereby shall be paid to Debtor."

summary, requires plaintiff to fulfill five conditions: (1) to insure the collateral; (2) to cause the insurance policy to contain loss payable clauses in favor of Commercial and plaintiff as their interests may appear; (3) to deposit the policy with Commercial; (4) to assign any return of unearned premiums due upon cancellation of the policy to Commercial; and (5) to appoint Commercial plaintiff's attorney in fact.

Plaintiff contends, and this court agrees, that the requirements contained in paragraph 6 of the Note and Security Agreement create a "Security Interest," [11] in the proceeds and unearned premiums of the required property insurance policy.

With a review of paragraph 8 of the Disclosure Statement and paragraph 6 of the Note and Security Agreement completed, we turn to an analysis of the substance of plaintiff's arguments in support of his first contention.

Essentially, plaintiff advances two arguments in that regard. First, plaintiff asserts since ". . . [a] description or identification of the . . . security interest held . . . by [Commercial] . . . [could not] properly be made on the disclosure statement due to the length of [the] identification . . .," the "reference" contained in paragraph 8 of the Disclosure Statement to the "security interest" present in paragraph 6 of the Note and Security Agreement failed to conform to the requirements of § 226.8(b)(5) of Regulation Z. Related thereto, plaintiff further asserts that § 226.8(a) of Regulation Z was violated in that the disclosures contained in paragraphs 8 and 6, respectively, were not made ". . . together on . . . the same side of the page and above or adjacent to the place for the (plaintiff's) signature . . .," i. e., on one document. Secondly, plaintiff objects to the manner in which the

security interest contained in paragraph 6 of the Note and Security Agreement was disclosed to him. On this point, plaintiff asserts that the disclosures contained in paragraph 6 did not conform to the requirements of § 226.6(a) of Regulation Z in that they were not made ". . . clearly, conspicuously, [and] in [a] meaningful sequence. . . ."

■ In response to plaintiff's arguments, defendant contends that plaintiff was fully apprised of any security interest in the proceeds and unearned premiums of a required property insurance policy as contained in paragraph 6 of the Note and Security Agreement since an adequate "reference" was made in paragraph 8 of the Disclosure Statement.[12] Further, defendant contends that there is no requirement under the Act or Regulation Z that both the Note and Security Agreement and the Disclosure Statement be contained on the same sheet of paper.[13]

■ Addressing plaintiff's first argument, we find that the "reference" made by Commercial in paragraph 8 of its Disclosure Statement to the security interest in certain proceeds and unearned premiums of a required property insurance policy in paragraph 6 of its Note and Security Agreement was not a violation of the disclosure requirements of § 226.8(b)(5) of Regulation Z. Likewise, we find that the purported "One Document" rule of § 226.8(a) was not violated by Commercial, nor was it intended by Congress to be so narrowly applied in situations such as the one factually presented in this instance. Thus, we find plaintiff's reliance on *Douglas v. Beneficial Finance Co. of Anchorage*, 334 F.Supp. 1166, 1174–75 (D.Alaska 1971) and *Lattanzio v. Mellon Bank, N. A.*, Civil Action No. 74–1010 (W.D. Pa., filed September 24, 1975) misplaced, as those cases are distinguishable from the

**11.** See § 226.2(gg), Regulation Z. Defendant has also conceded this in paragraph three of its Pre-trial Statement.

**12.** See defendant's Pre-trial Statement.

**13.** See defendant's Brief, page 1. It should be noted that we agree with defendant's statement

of the law on this point. However, it does not accurately respond to plaintiff's argument which is addressed to disclosures under the act (not documents) being placed on the same document.

case at hand. Both of those cases dealt with the use of a two-sided document with various disclosures present on the face of the loan contract and more fully explained interests appearing on the reverse side of the document. In such cases, § 226.801 [14] of Regulation Z makes it clear that adequate notice must be employed by the lender to apprise the consumer that additional, important information exists on the reverse side of the page. However, our situation does not warrant such a conclusion since two separate documents were used. Thus, § 226.8(b)(5) only controls, and as stated by the court in *Douglas v. Beneficial Finance Co. of Anchorage, supra,* at page 1175, footnote 8:

". . . 12 C.F.R. § 226.8(b)(5) allows the lender to incorporate a separate pledge agreement where a full description of the property to which a security interest relates would be *too cumbersome to include in the disclosure statement.*" (Emphasis supplied).

Such a case is presented here.

■ Plaintiff's challenge to the "reference" language present in paragraph 8 of Commercial's Disclosure Statement presents the only claim to a possible § 226.-8(b)(5) violation. However, we must agree with the defendant that the language present in paragraph 8 was indeed adequate enough to fully refer plaintiff to any possible security interests included in the Note and Security Agreement.

Therefore, we find no violations of either §§ 226.8(a) or 226.8(b)(5).

We now turn to plaintiff's second argument concerning the manner of the disclosures in regard to § 226.6(a) of Regulation Z.[15] In support of his argument that the

security interest in the proceeds and unearned premiums of the required property insurance policy contained in paragraph 6 of the Note and Security Agreement was neither clear, conspicuous, nor presented in a meaningful sequence as required by § 226.6(a) of Regulation Z, plaintiff relies upon *Allen v. Beneficial Finance Company of Gary, Inc., supra,* note 3, and *Garza v. Chicago Health Clubs, Inc.,* 347 F.Supp. 955, 961 (N.D.Ill.1972). See also: *Kenney v. Landis Financial Group, Inc.,* 349 F.Supp. 939, 949–50 (N.D.Iowa 1972).

The court in *Allen v. Beneficial Finance Co. of Gary, Inc., supra,* attempted to define the term, "meaningful sequence," in the following manner:

". . . [I]f understandable credit disclosure is to be achieved, disclosure statements must use clear language arranged in an order which provides ease of comprehension. This is meaningful sequence. (531 F.2d at page 801).

\*    \*    \*    \*    \*    \*

. . . [M]eaningful sequence involves at least two requirements. The first was noted in *Garza v. Chicago Health Clubs, Inc.* [supra].    . . . There Judge McLaren wrote:

The statutory purpose of giving the debtor effective notice of the terms and costs of credit is best served if the requirement that disclosures be in 'meaningful sequence' is read to mean that those disclosures which are logically related must be grouped together rather than scattered through the contract.

Thus, meaningful sequence requires groupings of logically related terms. Second, meaningful sequence requires

---

**14.** § 226.801(b) is pertinent here. It reads:

"(b) Where a creditor elects to combine disclosures with the contract, security agreement, and evidence of a transaction in a single document, the disclosures required under § 226.8 shall, in accordance with § 226.6, be made on the face of that document, on its reverse side, or on both sides: *Provided,* that the amount of the finance charge and the annual percentage rate shall appear on the face of the document, and, if the reverse side is used, the printing on

both sides of the document shall be equally clear and conspicuous, both sides shall contain the statement, 'NOTICE: See other side for important information,' and the place for the customer's signature shall be provided following the full content of the document."

**15.** It should be noted at this point that Commercial did not address this second argument in either its Pre-trial Statement of its Trial Brief.

that the terms in these groupings be arranged in a logically sequential order emphasizing the most important terms. . . . (531 F.2d at page 801).

\* \* \* \* \* \*

. . . [W]hat must remain foremost in any consideration of the meaningful sequence of a disclosure statement is that which lies at the core of the requirements—clarity of disclosure. . . . Although the requirements of meaningful sequence mandate no one arrangement and can be fulfilled in many ways, whatever form is chosen must always reflect the dominant purpose of the Truth in Lending Act." (531 F.2d at page 802).

The term, "meaningful sequence" was also addressed in *Barksdale v. Peoples Financial Corp. of Alpharetta,* 393 F.Supp. 112, 116 (N.D.Ga.1975). There the court stated:

". . . [T]he 'meaningful sequence' directive of 12 C.F.R. § 226.6(a) is addressed to those items of information required by 12 C.F.R. § 226.8(b) which have an *arithmetic* relationship and interdependence requiring presentation in a logical progression of *arithmetic* computations or thought. . . . [not to] items which are 'informative' in nature with no particular arithmetic interdependence."

■ Applying the standards set forth by the Seventh Circuit, we find that the "meaningful sequence" requirement of § 226.6(a) of Regulation Z was not violated in this instance. Considering Commercial's Disclosure Statement section first, Commercial did group together terms which are "logically related" in a series of ten paragraphs. Commercial further arranged them "in a logically sequential order emphasizing the most important terms," i. e., the *"Finance Charge"* and the *"Annual Percentage Rate."* Further, these terms were presented in "a logical progression of

arithmetic computations or thought." One need only view the Disclosure Statement to come to this conclusion. The figures and terms presented therein are displayed to the borrower in a clear, concise and logical manner and in an arithmetically logical sequence.

. ■ As stated earlier, the "reference" in paragraph 8 adequately referred plaintiff to possible security interests in the Note and Security Agreement. A consideration of this second document reveals that paragraph 6, which is the subject of plaintiff's argument, does not violate the requirements of § 226.6(a), for this item is merely "informative" in nature and, thus, is not subject to the "arithmetic relationship" test.[16]

Likewise, we find that the manner of disclosing the various disclosure terms was both clear and conspicuous as required by § 226.6(a). See: *Frank v. Reserve Consumer Discount Company,* 398 F.Supp. 703, 705 (W.D.Pa.1975). Therefore, we find that the placement of paragraph 6 and the language contained therein do not violate § 226.6(a) of Regulation Z.

B. *Commercial's Disclosure of a Security Interest in After-acquired Property—Accessions to the Collateral Automobile.*

We next turn to plaintiff's second contention that Commercial failed to adequately disclose a security interest in after-acquired property, namely accessions to the collateral automobile in violation of § 226.8(b)(5)[17] of Regulation Z.

In support of this contention, plaintiff argues that Commercial retained or attempted to retain a security interest in after-acquired goods by use of the following language which appears on the Note and Security Agreement only:

16. *Barksdale v. People's Financial Corp. of Alpharetta, supra.*

17. Section 226.8(b)(5) further provides that: ". . . if after-acquired property will be subject to the security interest, or if other or

future indebtedness is or may be secured by any such property, this fact shall be clearly set forth in conjunction with the description or identification of the type of security interest held, retained or acquired."

"Together with all attachments, accessories and parts used or intended to be used with the above described property ("Collateral") whether now or hereafter installed therein or affixed thereto, as well as all substitutions and replacements thereof." [18]

Plaintiff's arguments in support of this contention are essentially two-fold. First, he asserts that Commercial's security interest in the after-acquired property described above violates § 226.8(b)(5) of Regulation Z since that interest is disclosed only at the top of the Note and Security Agreement without adequate reference thereto, and not in conjunction with the identification of the security interest contained in paragraph 8 of the Disclosure Statement. Second, he asserts a related argument that § 226.8(a) of Regulation Z was violated since Commercial's disclosure of a security interest in after-acquired property did not appear together with paragraph 8 on the same side of the Disclosure Statement and above the place for plaintiff's signature.

In response, Commercial argues that this provision concerning after-acquired property was intended to include only replacement parts which would wear out or deteriorate during the life of the automobile and not major additions such as a trailer or other additions of a similar nature.[19]

■ We will consider plaintiff's second argument first. In support of plaintiff's second argument, plaintiff again cites *Lattanzio v. Mellon Bank, N. A., supra,* for the proposition that reverse-side security interests in after-acquired equipment and attachments to an automobile violated § 226.8(a) since they were required to be disclosed on the face of the contract under this section. Plaintiff's reliance upon this case to support his second contention is also misplaced here since we are not dealing with a two-sided disclosure document, but rather two separate documents. Our discussion in section "a," *supra,* of this opinion is equally applicable here and we again conclude that § 226.8(a) was not violated.

■ We turn, therefore, to a consideration of plaintiff's first argument in light of the additional requirements set forth in § 226.8(b)(5). Again, we must refer to the "reference language" contained in paragraph 8 of Commercial's Disclosure Statement which reads in pertinent part:

"(refer to the instrument evidencing the obligation for a full description of . . . after acquired property to which a security interest may attach)."

■ Section 226.8(b)(5) required Commercial to disclose (1) a description or identification of the type of any security interest which it held in connection with its extension of credit to plaintiff; and (2) a clear identification [20] of the property to which the security interest related. However, here, since the length of the identification of the property prevented a clear identification of the property to be made on the disclosure statement, a reference to the Note and Security Agreement had to be contained therein. Plaintiff strongly argues that the reference contained in paragraph 8 to the security interest in after-acquired property was stated in such a nebulous manner as to be ineffective under § 226.8(b)(5).[21] We disagree. In section "a," *supra,* of this opinion we held that the "reference" language used by Commercial in paragraph 8 was adequate. For the reasons we stated there, we find that paragraph 8's reference to the security interest in after-acquired property is likewise adequate here.

---

**18.** This language appears near the top of the Note and Security Agreement directly underneath the "DESCRIPTION OF COLLATERAL" which lists the year, make (trade name), body type, model and serial number of plaintiff's automobile. The motor number was not included in this description.

**19.** See defendant's Brief, pages 2 and 3.

**20.** "Clear identification," as the term is used in the Act, indicates that the goods must be identified so as to preclude any reasonable question regarding the goods to which the security interest attaches. *Kenney v. Landis Financial Group, Inc., supra,* at p. 945. This language also appears at 15 U.S.C. § 1639(a)(8).

**21.** See Plaintiff's Trial Brief, page 12.

Section 226.8(b)(5) further required Commercial to ". . . clearly set forth *in conjunction with* the description or identification of the type of security interest held . . ." (emphasis supplied) the fact that after-acquired property would be subject to a security interest. This does not require, as plaintiff contends, that such a security interest be disclosed only on the face of the disclosure statement. Where, as here, the length of the identification of the property is such that a clear identification can not be made on the disclosure statement alone, this requirement is also satisfied when the security interest in after-acquired property is made "in conjunction with" the identification of the type of security interest held, i. e., the collateral, on a separate document, provided this fact is clearly set forth in the separate document and properly referenced in the disclosure statement.

Thus, we conclude that § 226.8(b)(5) was not violated by Commercial under the facts presented here.

C. *Commercial's Disclosure of Additional Information, a Non-existent Warrant to Confess Judgment, in the Note and Security Agreement.*

Plaintiff's third contention [22] alleges a violation of § 226.6(c) [23] of Regulation Z. The provision which is the subject of this contention is located at the bottom of the Note and Security Agreement, directly above the signatures of plaintiff and his wife, and appears in capitalized, bold-faced print. It reads as follows:

"ALL OF THE FOREGOING PROMISES AND OBLIGATIONS, INCLUDING **THE FOREGOING WARRANT OF ATTORNEY TO CONFESS JUDGMENT, ARE THE JOINT AND SEVERAL PROMISES AND OBLIGATIONS OF DEBTOR.**" (Emphasis supplied).

Commercial concedes that no "warrant of attorney to confess judgment" exists in either document. [24] The issue, therefore, can be simply stated: Is a reference to a nonexistent warrant to confess judgment ". . . additional information . . . stated, utilized, or placed so as to mislead or confuse . . ." plaintiff in violation of § 226.6(c) of Regulation Z? We have considered the relevant law and the arguments advanced by the respective parties, and for the reasons that follow, we must answer this question in the negative.

Plaintiff argues that confessions of judgment are included in the term, "security interest," [25] and, therefore, Commercial's reference to a security interest is misleading and confusing under § 226.6(c) when, in fact, no such security interest exists in either document. Commercial raises two arguments in response. Commercial argues that since plaintiff did not allege. in his complaint that the language contained in the Note and Security Agreement did, in fact, mislead or confuse him, [26] § 226.6(c) was not violated. Second, Commercial argues that plaintiff was not damaged inasmuch as Commercial did not have the power to confess judgment nor did it attempt to confess judgment. [27]

Initially it must be noted that any question relating to what might be construed as misleading or confusing information under § 226.6(c) is a question of law for

**22.** See footnote 2, *supra.*

**23.** § 226.6(c) reads as follows, in pertinent part:
"(c). *Additional information.* At the creditor's option, additional information or explanations may be supplied with any disclosure required by this part, but none shall be stated, utilized, or placed so as to mislead or confuse the customer or contradict, obscure, or detract attention from the information required by this part to be disclosed. . . ."

**24.** See Defendant's Answer, ¶ 5(c), and Trial Brief, at p. 3.

**25.** "Confessed liens" are included in the definition of a "security interest" in § 226.2(gg) of Regulation Z. See also: 12 C.F.R. § 226.202; *Douglas v. Beneficial Finance Co. of Anchorage, supra,* at pages 1170–71.

**26.** See Defendant's Trial Brief, page 3.

**27.** See Commercial's Pre-trial Statement, page 2.

this court to determine in an objective manner based upon the documents presented. See: *Ives v. W. T. Grant Company,* 522 F.2d 749, 761 (2d Cir. 1975); *Kenney v. Landis Financial Group, Inc., supra,* at page 950. Thus with respect to Commercial's first argument, we do not believe that § 226.6(c) requires that the subjective state of plaintiff's mind be established in the pleadings, and, therefore, we do not find this particular argument persuasive.

Applying this objective standard, we next turn to a consideration of plaintiff's sole argument. A brief analysis of § 226.6(c) in light of this argument compels us to conclude that Commercial did not violate this section.

█ Section 226.6(c) permits a creditor, at his option, to supply "additional information or explanations . . . with any disclosure required . . . ."[28] However, an inclusion of such additional information or explanations cannot be "stated, utilized, or placed" by the creditor in such a fashion or manner that their use or placement would "mislead or confuse the customer or contradict, obscure, or detract attention from . . ." the information which the Act and Regulation Z requires to be disclosed at any rate.

We have previously noted in this opinion that Commercial provided plaintiff with all the necessary disclosures which the Act and Regulation Z require a creditor to disclose.[29] The phrase in question, which made reference to a non-existent warrant of attorney to confess judgment, was not, in our objective opinion, intended to serve as either additional information or as an additional explanation in conjunction with or as a supplement to these various required disclosures. Nor do we believe that Commercial stated, utilized or placed this phrase in such a manner that it would have detracted plaintiff's attention from the required disclosures present on Commercial's Disclosure

Statement. At most, we believe that the presence of such a clause merely caused plaintiff to re-read the two documents more thoroughly than he did. However, this alone would not have constituted a violation of § 226.6(c). A more compelling argument would have been presented by plaintiff had this phrase been placed by Commercial on the Disclosure Statement or located in close proximity to the required disclosures. Had this been the case, we would have no alternative but to conclude that a violation of § 226.6(c) was presented. Yet, we believe that under the documents presented, plaintiff could have clearly ascertained that no such clause existed in either of the documents notwithstanding the reference, and, therefore, have concluded that such a phrase constituted nothing more than mere surplusage or unnecessary and ineffective language. Thus, we are not constrained to conclude, as plaintiff suggests, that the inclusion of this phrase by Commercial did, in fact, mislead or confuse him in violation of the provisions of § 226.6(c) of Regulation Z.

█ Further, as we read § 226.6(c), it requires some element of intent on the part of a creditor to mislead or confuse a borrower. The language of the section itself suggests such a determination. Again, had Commercial chosen to include this phrase in a more conspicuous or prominent location on the Disclosure Statement, so that plaintiff's attention would have readily and necessarily been drawn away from the disclosures required by the Act and Regulation Z to be placed on the Disclosure Statement, we would have no choice but to conclude that a violation of § 226.6(c) was presented. Thus, we conclude that plaintiff was not misled or confused by the presence or location of this phrase and that Commercial did not intend the result which § 226.6(c) proscribes.

█ The validity of Commercial's second argument in light of the applicable

---

**28.** The disclosures which are specifically required under the Act are found in 15 U.S.C. § 1638. See also: 12 C.F.R. § 226.8.

**29.** See ¶¶ 1–10 of Commercial's Disclosure Statement, plaintiff's Exhibit "A", discussed at page 5, *supra,* of this opinion.

Pennsylvania law concerning confessions of judgment [30] further supports our conclusion. As Commercial correctly points out, the clear absence of any warrant of attorney to confess judgment in either document completely prevented Commercial, under the requirements of Pennsylvania law, from ever using or attempting to use the power which such a clause necessarily confers in favor of a creditor. Thus, since Commercial did not and could not possess such a power, plaintiff, in the absence of this clause, could not be harmed.

Therefore, we hold that no violation of § 226.6(c) of Regulation Z occurred by Commercial's use of such additional language in the Note and Security Agreement.

### D. *Commercial's Disclosure of a Right to Accelerate the Debt in the Event of Late Payment.*

Plaintiff's final contention [31] alleges a violation of § 226.8(b)(4) [32] of Regulation Z. Although plaintiff did not address this contention in his Trial Brief, we believe that it merits a brief discussion.

The applicable provision which is the subject of plaintiff's contention appears approximately in the center of the Note and Security Agreement, and reads as follows, in pertinent part:

". . . *[I]f Debtor shall fail to pay any installment according to the terms hereof . . . then . . . Bank may declare the unpaid balance hereof immediately due and payable, without demand or notice,* and proceed to exercise one or more of the rights accorded by [the Pennsylvania Uniform Commercial] Code or otherwise by law. Upon the happening of any such event, Debtor, upon demand by Bank, shall assemble the Collateral and make it available to Bank at a place to be designated by Bank which is reasonably convenient to both parties. Bank shall apply the proceeds to any disposition of the Collateral after default in accordance with law, including reasonable attorneys' fees and legal expenses actually incurred by Bank." (Emphasis supplied).

The presence of this acceleration clause was not indicated anywhere in the Disclosure Statement given to plaintiff.

In response to plaintiff's contention that this provision violates § 226.8(b)(4), Commercial argues that § 226.8(b)(4) does not relate to acceleration of debt.[33] Commercial asserts that, on the contrary, it merely requires the creditor to disclose ". . . the amount, or method of computing the amount, of any default, delinquency, or similar charges payable in the event of late payments." In support of this argument, Commercial contends that paragraph 7 of the Disclosure Statement clearly and accurately describes such method. It reads as follows:

"7. Method of computing amount of delinquency charge. For each installment in arrears more than 15 days, the lesser of $2.50 or 5% of the amount of the installment."

It is clear that paragraph 7 of the Disclosure Statement is not an acceleration clause. It merely informs the consumer of the assessment of a delinquency charge in the event an installment would be in arrears more than 15 days after the due date for payment had passed. Such a disclosure would be adequate under the requirements set forth in § 226.8(b)(4) of Regulation Z.

However, as indicated earlier, the Disclosure Statement made no reference to any right which Commercial possessed in the Note and Security Agreement to accelerate the remaining balance of the loan upon a

---

**30.** See: Pennsylvania Rules of Civil Procedure, 42 P.C.S.A. Rules 2950–2962.

**31.** See Footnote 2, *supra.*

**32.** Section 226.8(b)(4) provides:
"(b). *Disclosures in sale and nonsale credit.* In any transaction subject to this section, the following . . . shall be disclosed: . .

(4) The amount, or method of computing the amount, of any default, delinquency, or similar charges payable in the event of late payments."

See also: Section 128(a)(9) of the Act, 15 U.S.C. § 1638(a)(9).

**33.** See Defendant's Trial Brief, page 4.

**474**

possible default by plaintiff. This omission in the disclosure statement constitutes the gravamen of plaintiff's remaining contention.

 The issue presented, therefore, can be simply stated: Even though a right of acceleration of debt is contained in the Note and Security Agreement, does § 226.8(b)(4) of Regulation Z still require a lender to disclose such a right on the face of the disclosure statement or to include a reference to this right in the disclosure statement? In light of the recent Third Circuit decision in *Johnson v. McCrackin-Sturman Ford, Inc.,* 527 F.2d 257 (3d Cir. 1975), we must answer this question in the negative, for we find that *Johnson* is dispositive of this issue.[34]

The Third Circuit, in *Johnson,* was confronted with a similar acceleration provision which, as here, was contained in a second document, a retail installment contract, but not in the disclosure statement. Similarly, that disclosure statement contained a "Delinquency Charge" provision,[35] and further set forth a method for computing the portion of the finance charge that would be rebated if plaintiffs prepaid their obligation on the loan.[36]

In reversing the District Court, which held that the defendant's failure to set forth the acceleration provision in the disclosure statement was a violation of § 128(a)(9) of the Act and § 226.8(b)(4) of Regulation Z, the Circuit stated:

". . . [N]either section 128(a)(9) of the Act nor section 226.8(b)(4) of Regulation Z require disclosure of a right of acceleration where the creditor is required to rebate the unearned portion of the finance charge." (527 F.2d at page 269).[37]

**34.** See also: *Cosby v. Mellon Bank N.A., supra,* n.4, at page 235.

**35.** 527 F.2d at page 261, fn. 4. Compare paragraph 7 of Commercial's Disclosure Statement set forth, *supra,* Plaintiff's Exhibit "A."

**36.** *Id.,* fn. 5. Compare paragraphs 9 and 10 of Commercial's Disclosure Statement, *Id.*

We find this decision controlling as to the facts presented in the case at hand, and accordingly hold that Commercial did not violate § 226.8(b)(4) of Regulation Z by omitting the acceleration of debt provision from its Disclosure Statement.

## II

Since we have concluded that the defendant, Commercial Bank and Trust Company, did not violate §§ 226.6(a), 226.6(c), 226.8(a), 226.8(b)(4) and 226.8(b)(5) of Regulation Z, we hold that the defendant's motion for summary judgment in the within case must be granted.

An order in accordance with this opinion follows.

**37.** As the Circuit, in *Johnson,* pointed out, should Commercial have exercised its right to accelerate payment, Pennsylvania law would have required that the entire unearned portion of the finance charge be rebated immediately to plaintiffs. See 527 F.2d at page 265, n.13.