**MAGIQUE, A Limited Partnership, Plaintiff,**

v.

**CHIPPENDALES, INC., et al., Defendants.**

**No. 85 Civ. 5903 (SWK).**

United States District Court, S.D. New York.

Jan. 31, 1986.

Simon, Meyrowitz & Meyrowitz, New York City by David H. Meyrowitz, for plaintiff.

Kornstein, Veisz & Wexler by Marvin Wexler, Gottlieb, Schiff, Ticktin & Schachter, P.C. by Robert A. Schachter, Jay S. Harris, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Plaintiff ("Magique") executed a contract with defendants ("Chippendales") in which Chippendales promised, *inter alia*, to produce a male dance act at Magique's club in Manhattan, New York.[1] Due to the unique nature of the show, Chippendales further agreed not to produce a similar act within one hundred miles of Magique's club.

Within a month after entering into the contract, Chippendales began producing a similar show in Glen Mills, Pennsylvania.[2] After learning of the Glen Mills production, Magique complained that Chippendales was breaching the contract by operating within the proscribed one hundred mile limit. Chippendales disagreed. Magique has since refused to pay Chippendales for the shows it continues to produce in Manhattan.[3]

Seeking damages and an injunction prohibiting the Glen Mills production, Magique filed an action in New York State Supreme Court. Chippendales counterclaimed for damages alleging that Magique's nonpayment constitutes a material breach. Chippendales removed the action to this Court and now moves for summary judgment.

In support of summary judgment, Chippendales has submitted affidavits by experts who have calculated the distance between the two clubs.[4] Magique has also submitted experts' affidavits which contradict Chippendales' factual assertions.[5]

Federal Courts may dispose of an action when the evidence submitted shows that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). By submitting scientific evidence, Chippendales met its initial burden of showing an absence of issue as to the distance between the two night clubs. Had Magique not submitted opposing affidavits, or merely denied Chippendales' allegations, Chippendales' motion would have been granted. *See* Fed.R. Civ.P. 56(c), (e). However, the affidavits specifically refuting Chippendales' findings clearly present a genuine issue worthy of trial. *See First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968); *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980).

Because litigants deserve a jury trial if they have real issues to resolve, summary judgment is not appropriate unless the

---

**1.** The Manhattan Club is located at 1110 First Avenue.

**2.** The Glen Mills club is located southwest of Philadelphia at the intersection of Route 1 and Dougherty Lane.

**3.** Magique has been depositing into escrow the amount due Chippendales under the contract.

**4.** Chippendales experts cite the distance as between 100.05 and 100.24 miles.

**5.** Magique's experts cite the distance as between 90.88 and 99.60 miles.

truth is quite clear. *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962), citing *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 627, 64 S.Ct. 724, 728, 88 L.Ed. 967 (1944). In order to avoid "trial by affidavit," [6] the motion for summary judgment is denied.

SO ORDERED.

---

6. *Sambolin v. Klein Sales Co.*, 422 F.Supp. 625, 628 (S.D.N.Y.1976).